CITY of DOVER *v.* A.G. BARTON, *et al.*

98-907                                    987 S.W.2d 705

Supreme Court of Arkansas
Opinion delivered April 8, 1999
[Petition for rehearing denied May 13, 1999.]

*McCormick Law Firm, P.A.*, by: *David H. McCormick*, for appellant.

*James Dunham* and *Donald Bourne*, for appellee City of Russellville; *Alex Streett*, for appellee City Corporation of Russellville.

R OBERT L. BROWN, Justice. The City of Dover (hereinafter "Dover") appeals from a final decree enjoining Dover from constructing, operating, or maintaining a sewage-

treatment facility due to a violation of Act 1336 of 1997, now codified at Ark. Code Ann. § 14-235-203 (Repl. 1998). Because the trial court applied Act 1336 retroactively and because the appellees failed to exhaust their administrative remedies, we reverse and remand.

On July 22, 1996, the Dover City Council passed an ordinance calling for a special election on whether to issue bonds to finance a sewage-treatment facility. The voters approved the bond issue. On February 18, 1997, the Pollution Control and Ecology Commission issued a draft construction permit to Dover for the sewage-treatment facility, and a public hearing on the draft permit was held on April 17, 1997.

In May of 1997, Dover contracted to buy fifteen acres near Baker's Creek to build the facility, which is within ten miles of the Dover corporate limits. In July 1997, Dover entered into a contract with a contractor for the construction of the facility, and construction commenced. On July 31, 1997, the Pollution Control and Ecology Commission issued its final construction permit. On September 8, 1997, various interested petitioners, other than the appellees, filed a response to the final permit, but the Commission ruled that the response, which was a request for rehearing, was untimely.

On July 25, 1997, appellees A.G. and Bettye Barton and Jay and Edith King (hereinafter "Bartons"), who were landowners near the proposed construction site, sued Dover in chancery court for taking their land by inverse condemnation. They asked that the construction be stayed and for damages. Dover moved to dismiss on the basis that damages could not be awarded in chancery court, and the Bartons amended their complaint to ask for injunctive relief due to a violation of Act 1336 of 1997.

On August 12, 1997, appellee City Corporation, which operates a sewage-treatment plant in Russellville, filed a separate lawsuit against Dover for violation of its contract to treat Dover's sewage. This lawsuit was consolidated with the Bartons' litigation. On August 22, 1997, appellee City of Russellville intervened and alleged that Dover had violated Act 1336 of 1997 and that its proposed sewage-treatment facility constituted a public nuisance.

On August 26, 1997, the trial court held a hearing and con-
cluded that Dover had not complied with Act 1336 and issued a
temporary injunction. Cross motions for summary judgment
were filed, and on March 24, 1998, the trial court ruled that
Dover was in violation of Act 1336 and enjoined further construc-
tion. On June 24, 1998, the trial court entered its final decree
enjoining the project and declining to reach the other issues raised.

Dover initially advanced multiple points on appeal, which
included a recusal motion for the trial court and constitutional
challenges to Act 1336, but Dover has now conceded that those
issues do not constitute reversible error. The remaining issues
include the retroactive application of Act 1336 and the subject-
matter jurisdiction of the trial court to enforce the Act.

■ Because this appeal turns on whether Act 1336 was
appropriately applied to this project, the effective date of Act 1336
is all important. On April 11, 1997, Act 1336 was enacted into
law. However, an effort to add an Emergency Clause to the origi-
nal bill failed, which meant that the Act's effective date was
August 1, 1997. There is no language in Act 1336 stating that the
Act is to be applied retroactively. Our law is clear that absent lan-
guage in the legislative act to the contrary, statutes affecting sub-
stantive rights are to be given only prospective application. *See
Arkansas Dep't of Human Servs. v. Walters*, 315 Ark. 204, 866
S.W.2d 823 (1993). It is presumed that the General Assembly
intended prospective application unless the language of the act
clearly admits no other construction. *Arkansas Rural Med. Practice
Student Loan and Scholarship Bd. v. Luter*, 292 Ark. 259, 729
S.W.2d 402 (1987). Any doubt on the matter is resolved against
retroactive application. *Id.*

Prior to August 1, 1997, the statute that Act 1336 amended
provided that municipalities had jurisdiction for ten miles outside
of their corporate limits for the purpose of building sewage-treat-
ment facilities. *See* Ark. Code Ann. § 14-235-203 (Supp. 1995).
Prior to Act 1336, § 14-235-203 also provided that every munici-
pality was authorized to construct, operate, and maintain a sew-
age-treatment center inside or outside its corporate limits. With
Act 1336, § 14-235-203 was amended to read:

However, before a municipality may construct, operate, or maintain a sewage collection system or sewage treatment plant outside of the corporate limits, it must be demonstrated in accordance with subsection (d) of this section that such construction, operation, or maintenance within the corporate limits is not feasible. If it is determined that it is not feasible to construct, operate, or maintain the sewage collection system or sewage treatment plant within the corporate limits, the feasibility of constructing, operating, or maintaining the sewage collection system or sewage treatment plant within the municipality's seven-year growth area must be determined in accordance with subsection (d) of this section.

Ark. Code Ann. § 14-235-203(c)(1) (Repl. 1998). Act 1336 further provided that the determination of feasibility must include the municipality's best efforts to locate the sewage-treatment facility inside the corporate limits and also must address certain factors, including the material adverse effect on real property in locating the facility outside of the corporate limits.

■ We view the applicability of Act 1336 as affecting those sewage-treatment facilities constructed after the effective date of the Act. Clearly, in such circumstances the feasibility study must be done before construction can commence. If construction by Dover commenced under § 14-235-203 prior to the effective date of Act 1336, that Act would have no pertinence. We believe that is what occurred in this case.

■ It is undisputed that Dover planned for the sewage-treatment facility outside of its corporate limits, passed a bond issue, received a construction permit from Pollution Control and Ecology, bought the land for the facility, contracted for its construction, and began the construction all before the effective date of Act 1336 on August 1, 1997. Under § 14-235-203 before its amendment by Act 1336, there was no requirement of a feasibility study justifying construction outside the corporate limits. Thus, the manner in which Dover proceeded was entirely appropriate under the law as it existed at that time.

We are mindful that by its terms Act 1336 must be complied with before a sewage-treatment plant can be "constructed, oper-

ated or maintained." The City of Russellville and City Corporation focus on the disjunctive language and interpret this to mean that even if construction of the Dover sewage facility began before the effective date of Act 1336, operation and maintenance of the facility without question would occur after August 1, 1997. Thus, according to their theory, Act 1336 is still controlling.

We do not read this phrase in Act 1336 strictly in the disjunctive but rather as a continuum of activity relating to the initial location, building, and operation of a sewage facility. To read the language otherwise would mean that any municipality now operating a sewage-treatment facility would have to file a feasibility plan irrespective of when the facility was located and built. Again, we will not give Act 1336 a retroactive effect. Nor will we interpret the words in such a fashion as to require municipalities that have legitimately commenced construction of sewage-treatment facilities before Act 1336's effective date but not begun operation by that time to file a feasibility study regarding location. That would be unfair in the extreme. The clear purpose of Act 1336 relates to the appropriate siting of a facility within the corporate limits of the municipality or within its seven-year growth area.

We would be remiss if we did not also address the fact that the appellees never pursued their remedies to enforce Act 1336 before the Arkansas Pollution Control and Ecology Commission. Dover correctly points to statutory law that vests the Commission with the authority to issue permits for sewage-treatment facilities. See Ark. Code Ann. § 8-4-203(a) (Supp. 1997). It is also the Commission that is given the power to "enforce all laws" relating to water pollution. See Ark. Code Ann. § 8-4-201(a)(1) (Supp. 1997). As part of this function, the Commission must approve plans for sewage systems. See Ark. Code Ann. § 8-4-201(a)(4) (Supp. 1997).

It is clear to us that the Commission was the proper forum for hearing the appellees' Act 1336 claim. Dover emphasizes that interested parties, other than the appellees, did request a hearing on the Commission's issuance of a final construction permit to that city but were untimely in making the request. We are

likewise convinced that the appellees should have pursued their remedies for a violation of Act 1336 before the Commission and, failing a satisfactory ruling, appealed the matter to circuit court. *See* Ark. Code Ann. § 8-4-222 (Repl. 1993). They did not and, thus, failed to exhaust their administrative remedies. *See Regional Care Facilities, Inc. v. Rose Care, Inc.*, 322 Ark. 780, 912 S.W.2d 406 (1995). We conclude that chancery court was not the appropriate jurisdiction to hear the Act 1336 claim.

█ Finally, City of Russellville and City Corporation urge that the trial court should be affirmed because it reached the right result albeit for the wrong reason. According to these appellees, Dover's location of the sewage-treatment facility violated ordinances of the City of Russellville in that part of the facility is located in an area subject to Russellville's jurisdiction and Dover did not obtain a large-scale development permit from the City. Dover contested the fact that Russellville ordinances applied and attached a plat of the sewage site to its motion for summary judgment. There was no ruling by the trial court on this issue. Whether the Dover sewage facility is subject to Russellville's ordinances on large-scale developments is a disputed issue of fact which is material and which is unresolved. Summary judgment is not appropriate where material issues of fact remain to be decided. Ark. R. Civ. P. 56(c). Hence, appellees' argument of an alternative basis for affirming summary judgment has no merit.

We reverse the trial court's decree based on Act 1336 which enjoins Dover from continuing construction of the sewage-treatment facility and remand for an order consistent with this opinion.

Reversed and remanded.

GLAZE, J., concurs solely on the basis that Act 1336 is not applicable.