CITY of DOVER *v.* A.G. BARTON,
City of Russellville, and City Corporation

99-1414 29 S.W.3d 698

Supreme Court of Arkansas
Opinion delivered November 2, 2000
[Petition for rehearing denied December 7, 2000.* ]

---

* GLAZE, J., would grant.

*McCormick Law Firm, P.A.*, by: *David H. McCormick*, for appellant.

*James Dunham* and *Donald W. Bourne*, for appellee City of Russellville.

*Alex G. Streett*, for appellee City Corporation.

R AY THORNTON, Justice. This is the second appeal we have had regarding the City of Dover's [Dover] attempt to construct a sewage–treatment facility. *See City of Dover v. A.G. Barton*, 337 Ark. 186, 987 S.W.2d 705 (1999). The facts surrounding the dispute are sufficiently laid out in the prior case. In that appeal, we reversed the trial court's decree and held as follows:

> [W]e reverse the trial court's decree based on Act 1336 which enjoins Dover from continuing construction of the sewage–treatment facility and remand for an order consistent with this opinion.

*Id.* We also explained that "because the trial court applied Act 1336 retroactively and because the appellees failed to exhaust their administrative remedies, we reverse and remand." *Id.* A mandate

was subsequently issued by the Supreme Court Clerk and that mandate stated:

> This case was submitted to the Arkansas Supreme Court on the record of the Chancery Court of Pope County and briefs of the respective parties. After due consideration, it is the decision of the court that the case be reversed and remanded for the reasons set out in the attached opinion.

On June 9, 1999, when the case was returned to the trial court after remand, the trial court entered a new order. The order found that the previously ordered injunction would remain in place and set a time schedule for appellees to respond to Dover's motion for summary judgment. Specifically, the order stated:

> [O]n this day the court considers the mandate from the Arkansas Supreme Court and the opinion of the Arkansas Supreme Court delivered April 8, 1999. Based upon all matters before the court, the court finds and orders as follows:
>
> The Arkansas Supreme Court has ruled that Act 1336 of 1997, as a matter of law, is not applicable to the conduct of the City of Dover as alleged in this case.
>
> All claims for relief premised upon a violation of Act 1336 of 1997 should be, and hereby are, dismissed without prejudice for failure to state a claim upon which relief can be granted.
>
> The *previously issued injunction remains in effect* until such time as the court hears the remaining issues, including the claims for relief based upon the ordinances of the City of Russellville.

(Emphasis added.)

On September 13, 1999, without holding a hearing on any issues, the trial court entered an order granting Russellville's motion for summary judgment and kept the injunction in effect. On September 17, 1999, Dover filed a motion for reconsideration and a motion requesting rulings on outstanding motions. The trial court did not rule on these motions. Dover appeals, raising eight points for our review. Because we conclude that the trial court failed to follow the mandate and our previous opinion in this case, we reverse and remand the matter to the trial court for further action.

■ We first address the question whether the trial court's actions in continuing to enjoin Dover's project without a hearing

was in compliance with our mandate and accompanying opinion. In *Dolphin v. Wilson*, 335 Ark. 113, 983 S.W.2d 113 (1998), we adopted the Third Circuit Court of Appeals' rules regarding a trial court's treatment of a case on remand. We held:

> The history of the mandate rule was reviewed recently by the Third Circuit Court of Appeals. *See Casey v. Planned Parenthood*, 14 F.3d 848 (3d Cir. 1994). In *Casey*, the Third Circuit observed:
>
> > Of these rules, the most compelling is the mandate rule. This fundamental rule binds every court to honor rulings in the case by superior courts. As the Supreme Court has stated, "In its earliest days this Court consistently held that an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948).
>
> *Casey*, 14 F.3d at 856. Quoting from *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985), the Third Circuit went on to underscore the deference a trial court must give to the mandate:
>
> > A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.
>
> *Casey*, 14 F.3d at 857.

In *Dolphin supra*, we also explained some of the major precepts regarding mandates. We explained:

> A "mandate" is the official notice of action of the appellate court, directed to the court below, advising that court of the action taken by the appellate court, and directing the lower court to have the appellate court's judgment duly recognized, obeyed, and executed.
>
> 5 AM. JUR. 2d § 776.
>
> However, the lower court is vested with jurisdiction only to the extent conferred by the appellate court's opinion and mandate. Therefore, the question of whether the lower court followed the mandate is not simply one of whether the lower court was correct in its construction of the case, but also involves a question of the lower court's jurisdiction.

5 AM. JUR. 2d, § 784.

If an appellate court remands with specific instructions, those instructions must be followed exactly, to ensure that the lower court's decision is in accord with that of the appellate court.

Where a remand limits the issues for determination, the court on remand is precluded from considering other issues, or new matters, affecting the cause. Thus, where the case is remanded for disposition of the remaining post-trial issues that were not addressed by the trial court, any issue the trial court had previously addressed may not be considered on remand. Similarly, when a case is remanded for a specific act, the entire case is not reopened, but rather the lower tribunal is only authorized to carry out the appellate court's mandate, and the trial court may be powerless to undertake any proceedings beyond those specified.

5 AM. JUR. 2d, § 787.

Any proceedings on remand which are contrary to the directions contained in the mandate from the appellate court may be considered null and void.

5 AM. JUR. 2d, § 791.

Finally, in *Dolphin supra*, we noted that "directions by an appellate court to the trial court as expressed by the opinion and mandate must be followed exactly and placed into execution. Indeed, the jurisdiction of the trial court on remand is limited to those directions." *Dolphin, supra.*

Turning to the case now on review, we conclude that the trial court did not follow our mandate and previous opinion. In our previous opinion, we held that Act 1336 of 1997 did not apply to the facts of the present case and reversed the trial court's order enjoining Dover from constructing its facility on the basis of Act 1336. Dover's failure to comply with Act 1336 was the only finding made by the trial court to support the imposition of the injunction. Despite our mandate reflecting that an injunction based upon Act 1336 could not remain in place, the trial court ordered that the injunction remain in effect until hearing the remaining issues. Without taking additional evidence or holding a hearing on the issues, the trial court then granted Russellville's motion for summary judgment on the basis of noncompliance with an ordinance adopted by the City of Russellville.

Having decided that the trial court failed to follow our mandate and opinion on remand, it is not necessary for us to address the remaining points in this appeal. However, we choose to review whether the trial court erred in granting summary judgment based upon a violation of the City of Russellville's Land Subdivision and Development Code.

 Summary judgment is appropriate when there is no genuine question of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). The burden of proving that there is no genuine issue of material fact is upon the movant, and all proof submitted must be viewed favorably to the party resisting the motion. *Ford v. St. Paul Fire & Marine Ins. Co.*, 339 Ark. 434, 5 S.W.3d 460 (1999). Once the moving party established a *prima facie* entitlement to summary judgment by affidavits, depositions, or other supporting documents, the opposing party must meet "proof with proof" and demonstrate a genuine issue of material fact. *Id.* Summary judgment should be denied if under the evidence reasonable men might reach different conclusions from undisputed facts. *Leigh Winham, Inc. v. Reynolds Ins. Agency*, 279 Ark. 317, 651 S.W.2d 74 (1983). On appellate review, we determine if summary judgment was proper based on whether the evidence presented by the movant left a material question of fact unanswered. *Ford, supra.*

Russellville sought and received summary judgment on the basis of Dover's violation of the City of Russellville's Land Subdivision and Development Code. Specifically, Russellville argued that because the proposed sewage-treatment facility was located on property either within one mile from its city limits or on property that was contiguous to property located within one mile from its city limits, Dover was required to follow Russellville's Land Subdivision and Development Code, and that Dover failed to comply with that Code.

The Russellville Land Subdivision and Development Code states:

> These regulations shall be applicable to all lands within the corporate limits of the City of Russellville, Arkansas and all lands outside the corporate limits within one mile of the corporate limits and, also either contiguous to said limits or served by Russellville City Water or served by Russellville City Sewer.

These regulations and development standards shall apply to the following forms of land subdivision:

The construction of any street or public utility through any tract of land within the jurisdictional limits of the City of Russellville as stated herein.

Land Subdivision and Development Code. We note that Ark. Code Ann. § 14–56–413 (Supp. 1997) granted Russellville the authority to implement its Land Subdivision and Development Code. That statute states in relevant part that:

(2)(A) Cities now having eight thousand (8,000) population or more and situated on navigable streams shall have the authority to administer and enforce planning and zoning ordinances outside their corporate limits as follows:

(i) For cities of eight thousand (8,000) to fifty thousand (50,000) population, the jurisdictional area will be one (1) mile beyond the corporate limits.

*Id.*[1]

Russellville offered the affidavits of Danny Hale and Morgan Barrett to describe the location of the proposed plant. Danny Hale's affidavit stated that:

In my opinion, the items on sheet two which purport to be located in the northwest quarter of the northwest quarter of section twenty-one, township eight north, range twenty west are in fact designated by sheet two to be located in that area. As such, those structures are within a portion of the area described by City of Russellville ordinances no. 1314 which is subject to Russellville's Land Subdivision and Development Code.

Morgan Barrett's affidavit stated that:

---

[1] We note that based on the language in Ark. Code Ann. § 14–56–413, Dover argues for reversal that Russellville, through its Land Subdivision and Development Code, is attempting to regulate land in excess of its authority. Specifically, Dover argues that "the City of Russellville lacks the power to enact an ordinance which applies to any lands more than one mile outside its limits even if they are contiguous." While Dover's point may be well-taken, we decline to rule on this issue because Dover has failed to provide us with a trial court's ruing on the matter. *See, Ross Exploration v. Freedom Energy, Inc.*, 340 Ark. 74, 8 S.W. 3d 511 (2000)(holding that we will not address the merits of an argument where the appellant has failed to obtain a ruling from the trial court).

[T]he proposed sewage-treatment plant which is included within the northwest quarter of the northwest quarter of section twenty-one, township eight north, range twenty west is also included within the area over which the City of Russellville exercises regulation of its Land Subdivision and Development Code.

Russellville also argued that even if Dover will not be constructing any new structures within one mile of its city limits, the project would be contiguous to a previously existing "pumping station" that is within one mile of Russellville's city limits and that operation of the pumping station, in connection with a new sewage-treatment facility, subjects Dover to its Land Subdivision and Development Code.

Dover responded to Russellville's allegations by arguing that its proposed sewage-treatment facility is not subject to regulation under the Land Subdivision and Development Code because the proposed facility will not be within one mile of the city limits of Russellville. Dover supported this theory with several affidavits. Bill Hope, a licensed engineer, stated in his affidavit that:

[T]he original design of the sewage-treatment facility called for a portion of the plant to be constructed within the northwest quarter of the northwest quarter of section twenty-one, township eight north, range twenty west. However, those plans have been redrawn so that no portion of the sewage-treatment plant to be constructed by the City of Dover lies within the northwest quarter of the northwest quarter of section twenty-one, township eight north, range twenty west.

I further have knowledge that a pumping station and a manhole which lie in the northwest quarter of the northwest quarter of section twenty-one, township eight north, range twenty west, has been in existence since prior to 1981.

Dover also offered Johnny Waldo's affidavit. Mr. Waldo stated that:

[T]he pumping station and manhole which lies in the northwest quarter of the northwest quarter of section twenty-one, township eight north, range twenty west has been in place and in existence since prior to 1981. I further state that I am familiar with the diagram prepared by Bill Hope, Sr., City Engineer, for the City of Dover, during May 1999, which shows that all improvements being constructed pursuant to the City of Dover's current plan now lie outside the northwest quarter of the northwest quarter of

section twenty-one, township eight north, range twenty west. I further state that no portion of the improvements, structures, or other activities of the City of Dover pursuant to this project lie within one mile of the current city limits of the City of Russellville.

Based on these affidavits, Dover contended that its sewage-treatment facility would not be within Russellville's jurisdiction and for that reason the construction of the facility did not have to comply with Russellville's various ordinances.

The trial court found that "the affidavit of Danny Hale establishes that part of the Dover development tract is within one mile of the City of Russellville, and the remainder of the tract is contiguous to that portion within one mile." The trial court also found that the Russellville Land Subdivision and Development Code "applies to all land contiguous to the one mile limit." Finally, the trial court found that "neither of their affidavits [Russellville introduced affidavits from Steve Mallett, Danny Hale, and Morgan Barrett] have been controverted by the City of Dover. There is therefore no genuine issue regarding these material and dispositive facts, and the City of Russellville is entitled to judgment as a matter of law regarding its claim that the City of Dover is violating Russellville's Land Subdivision and Development Code."

■ After reviewing the conflicting statements presented in the affidavits of the parties, we conclude that the trial court erred in granting summary judgment. Specifically, we hold that there is a genuine issue of material fact present which makes summary judgment inappropriate. Russellville alleged that the proposed sewage-treatment facility would be located in an area that would subject Dover to compliance with the Russellville Land Subdivision and Development Code and supported this allegation by supporting affidavits. Dover presented evidence directly challenging Russellville's allegations. Dover met proof with proof, and we conclude that by looking at the evidence presented by the parties, reasonable men could reach different conclusions on this issue. We hold that the trial court erred in granting summary judgment to Russellville on the disputed factual issues as to the location of the proposed sewage-treatment facility and whether the location of the facility is within the area statutorily authorized to be regulated by Russellville's Land Subdivision and Development Code.

■ Because the actions of the trial court failed to follow our mandate and previous opinion, and because there remain disputed questions of fact and law, we conclude that the decision below must be reversed and remanded. It is not necessary to address the remaining points on appeal. We hereby order that the current injunction be dissolved, and that the trial court give the parties an opportunity to address any remaining issues of fact and law in the matter, including determining whether Russellville's Land Subdivision and Development Code may enlarge the city's jurisdiction beyond that provided in Ark. Code Ann. § 14-56-413 and whether the proposed facility is located within the jurisdictional limits of Russellville's Land Subdivision and Development Code.

■ On June 12, 2000, Russellville filed a motion to strike Dover's reply brief. We considered this motion along with the case. Russellville presented numerous challenges to Dover's reply brief. Primarily, Russellville argued that Dover included new arguments in its reply brief. We do not consider arguments made for the first time in appellant's reply brief. *See Partin v. Bar of Arkansas*, 320 Ark. 37, 894 S.W.2d 906 (1995). For that reason, we have not reviewed any new arguments presented, but we deny the motion to strike the entire reply brief.

Reversed and remanded.

GLAZE, IMBER, and SMITH, JJ., dissent.

TOM GLAZE, Justice, dissenting. I respectfully dissent. As the majority points out, this court reversed the chancellor in *City of Dover v. A.G. Barton*, 337 Ark. 186, 987 S.W.2d 705 (1999), where we held the chancellor erred by relying on Act 1336 of 1997 to enjoin Dover from continuing construction of its sewage-treatment facility. Basically, this court held that Dover's construction commenced prior to the Act's effective date, and, for that reason, was inapplicable. The court further opined in obiter dictum that the Arkansas Pollution Control and Ecology Commission was the proper forum for hearing any claim Barton might have under Act 1336, and the chancery court was not the appropriate jurisdiction to hear an Act 1336 claim.

After making the foregoing holding and observation, this court's earlier opinion recognized the City of Russellville's alternative argument to affirm the chancellor's decision to enjoin Dover,

namely, that Dover's location of the sewage treatment facility violated ordinances of the City of Russellville, in that part of the facility is located in an area subject to Russellville's jurisdiction, and that Dover did not obtain a large-scale development permit from Russellville. Dover contested Russellville's factual and legal contentions; however, our court declined to consider this legal issue because the chancellor made no ruling on it, and thus it was not resolved. In fact, the chancellor issued his decree enjoining Dover based solely on Russellville's Act 1336 claim, finding it unnecessary to reach all other issues. In sum, our court ruled that, because material fact issues remained unresolved, summary judgment was not proper on the other issues. We then specifically reversed the chancellor's decision based on Russellville's Act 1336 claim and remanded the case for an order consistent with its opinion.

On June 9, 1999, the chancellor on remand held the previously issued injunction reversed by this court on appeal would remain in effect until he could hear the remaining issues for relief that he had never ruled on. This included Russellville's claim for relief based upon its ordinances. The chancellor gave Russellville until June 16, 1999, to respond to Dover's motion for summary judgment filed on June 1, 1999. Other matters filed on remand included the following:

> (1) Dover's motion for assessment of damages filed on June 30, 1999.

> (2) Order denying Dover's motion to lift injunction and establish filing deadlines.

> (3) Russellville's motion for summary judgment filed on July 14, 1999.

> (4) Russellville's amended intervention complaint.

> (5) Dover's September 1, 1999, motion to require payment of expert witness fees.

On September 13, 1999, the chancellor granted Russellville's motion for summary judgment and denied Dover's summary judgment motion. The chancellor enjoined Dover based on its findings that Dover violated Russellville's Land Subdivision and Development Code — the issue the chancellor had previously declined to reach in his first decision.

As I read the record, the parties and the chancellor proceeded on remand essentially on the record established at the first trial and appeal of this matter, but the chancellor utilized it and the subsequent pleadings listed above to resolve the issue he had not previously addressed or reached — whether Dover had violated Russellville's Land Subdivision and Development Code and therefore should be enjoined from doing so. Based on the record and affidavits, the chancellor found that the area of Dover's proposed treatment plant is served by Russellville water or sewer and is therefore subject to the Russellville Code. The chancellor further found that part of the Dover development tract is within one mile of Russellville, and the remainder of the tract is contiguous to that portion within one mile. He also found Russellville had advised Dover that any development in the proposed area must receive a large-scale development permit under the Code, but Dover chose not to comply. The chancellor also found Dover did not controvert these findings, and therefore entered a summary judgment on September 13, 1999, in Russellville's favor, enjoining Dover from proceeding with its construction.

Dover appealed the September 13 order, raising eight points for reversal. None has to do with whether the chancellor complied with this court's earlier mandate filed on May 14, 1999. Instead, Dover's points address the merits of this case, charging the chancellor erred:

(1) In granting summary judgment to the City of Russellville in that it lacks authority to regulate lands lying more than one mile outside its city limits;

(2) In granting summary judgment to the City of Russellville based upon the fact that the City of Russellville provides water or sewer services to land belonging to the City of Dover that lie more than one mile outside the city limits of the City of Russellville;

(3) In failing to set aside the summary judgment, in that the City of Dover was not served with a copy of the motion and brief for summary judgment filed by the City of Russellville on July 14, 1999;

(4) In reinstating the injunction against the City of Dover after this court's decision of April 8, 1999, prior to conducting another hearing and taking additional evidence;

(5) In failing to rule on the City of Dover's motion to recuse;

(6) In failing to rule on the City of Dover's motion for assessment of damages;

(7) In failing to rule on the City of Dover's request that the appellees be required to pay expert witness fees; and

(8) The court lacked jurisdiction to rule upon the nuisance claims filed by the City of Russellville.

Dover, in its fourth point, does argue that on remand the chancellor erred by reinstating its earlier injunction without taking any additional evidence. It claims in this appeal that the chancellor lacked the authority to issue a new injunction because the grounds (Act 1336) upon which the chancellor's prior injunction was based had been reversed and nullified. Russellville responds that Dover offers no citation of authority in support of its contention, and, in addition, the injunction issued was not new, but was only continuing its earlier injunction so as to preserve the status quo pending final resolution of the case. In other words, the issue is not one merely questioning whether the chancellor complied with this court's mandate, but rather, whether the chancellor otherwise erred in how it tried and decided this case on the legal theory that Dover's actions had violated Russellville's Land Subdivision and Development Code and such violation warranted injunctive relief.

In conclusion, the majority opinion is reversing and remanding this case to allow the parties to address any remaining issues; however, it is unclear to me as to how the parties and the chancellor should proceed on remand, especially with this court not answering the questions presented in this appeal. For the reasons above, I would proceed on the merits and decide the eight issues raised by Dover and argued by the parties.

IMBER and SMITH, JJ., join.