CITY of DOVER and Johnny Waldo, Mayor *v.*
CITY of RUSSELLVILLE

04-1112                                          215 S.W.3d 623

Supreme Court of Arkansas
Opinion delivered October 13, 2005

*Michael S. Robbins, P.A.*, by: *Michael S. Robbins*, for appellant.

*Dunham & Faught, P.A.*, by: *James Dunham*, for appellee.

Jim Hannah, Chief Justice. The City of Dover appeals a judgment of the Pope County Circuit Court entering an injunction prohibiting construction of a sewage treatment plant and operation of that plant upon completion. We affirm, holding that Dover's construction of a sewage treatment at the proposed site (the Dover Tract) constitutes a public nuisance as a matter of law as defined in Ark. Code Ann. § 14-268-105 (Repl. 1998). Dover argues that its power of eminent domain trumps the City of Russellville's police power in regulating land use, thereby freeing it from compliance with Russellville's land-use ordinances and regulations. However, throughout the case, Dover acknowledged that it was obligated to comply with Russellville's land-use ordinances and regulations. It was

only in a post-trial brief that Dover raised the issue of its eminent-domain power. We affirm the circuit court finding that the argument was waived.

This case arises from the longstanding dispute between Dover and the City of Russellville that began in 1996 when Dover acquired fourteen acres within one mile of the Russellville City limits for construction of a sewage plant.[1] Dover started looking for a location for a sewage treatment plant more than ten years ago. It acquired the subject property by purchase and began soil work in preparation for construction when lawsuits were filed. Russellville argued that its land-use law prohibited the construction. Later, Russellville annexed the subject property, bringing the property within the Russellville city limits.

At issue is whether the circuit court erred in granting an injunction restraining Dover from building and operating a sewage treatment plant. This court reviews injunctive matters de novo. *Delancy v. State*, 356 Ark. 259, 151 S.W.3d 301 (2004). The decision to grant or deny an injunction is within the discretion of the trial judge. *Id.* The standard of review is abuse of discretion. *Id.* In reviewing the lower court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Id.*

*Permanent Injunction*

The circuit court granted a permanent injunction. A permanent injunction is an injunction granted after the matter has been heard on the merits. *State Comm'n on Human Relations v. Talbot County Det. Ctr.*, 370 Md. 115, 136, 803 A.2d 527 (2002).

> To establish sufficient grounds for a permanent injunction, the movant must show (1) that it is threatened with irreparable harm; (2) that this harm outweighs any injury which granting the injunction will inflict on other parties; (3) a likelihood of success on the merits; and (4) that the public interest favors the injunction. *United Food and Commercial Workers, Intern. Union v. Wal Mart Stores,*

---

[1] *See City of Dover v. City of Russellville*, 352 Ark. 299, 100 S.W.3d 689 (2003); *City of Dover v. City of Russellville*, 351 Ark. 557, 95 S.W.3d 808 (2003); *City of Dover v. City of Russellville*, 346 Ark. 279, 57 S.W.3d 171 (2001); *City of Dover v. Barton*, 342 Ark. 521, 29 S.W.3d 698 (2000); *City of Dover v. Barton*, 337 Ark. 186, 987 S.W2d 705 (1999).

*Inc., supra.* Irreparable harm is the touchstone of injunctive relief. *Id.* Harm is normally only considered irreparable when it cannot be adequately compensated by money damages or redressed in a court of law. *Id; Dawson v. Temps Plus, Inc.*, 337 Ark. 247, 987 S.W.2d 722 (1999) (citing *Arkansas Wildlife Federation v. Bekaert Corp.*, 791 F. Supp. 769 (W.D.Ark. 1992)).

*Delancy,* 356 Ark. at 265.

Russellville argued below and the circuit court agreed that the construction violated Russellville ordinances and regulations. Prohibition against construction was granted to "prevent its (Dover's) announced intention to violate the ordinances of Russellville." Dover did not contest the application of the zoning ordinances.

Dover instead argues that the proposed plant is not a nuisance per se and that the circuit court may not issue an injunction on a nuisance until the plant is operating and proven to be a nuisance in fact. However, Dover ignores the fact that on June 29, 2004, when the circuit court issued its decision, the proposed construction was a public nuisance as a matter of law pursuant to Ark. Code Ann. § 14-56-413(a)(2)(A)(i) (Repl. 1998) and, as such, subject to the permanent injunction.

Pursuant to Ark. Code Ann. § 14-56-413(a)(2)(A)(i), Russellville promulgated land-use ordinances and regulations controlling the property where the sewage treatment plant was to be constructed. *City of Dover v. Barton,* 342 Ark. 521, 29 S.W.3d 698 (2000). Those regulations restricted construction in areas prone to flooding. The circuit court found that "the Dover Tract is in a flood prone area," and that "the proposed development of the Dover Tract for use as a sewer treatment plant violates the Russellville Flood Damage Prevention Ordinances, and is therefore illegal." This finding is correct.

Section 14-268-105 (Public nuisance — Injunction or abatement) provides:

> Every structure, building, fill, or development placed or maintained within any flood-prone area in violation of measures enacted under the authority of this chapter is a public nuisance. The creation of any of these may be enjoined and the maintenance thereof may be abated by action or suit of any city, town, or county, the state, or any citizen of this state.

The statutes contained in Chapter 268 on flood-loss prevention were enacted in 1969 following the passage of the National Flood Insurance Act. The statutes provide communities in Arkansas with the authority to take appropriate actions to prevent and lessen flood hazards and losses. *Hurst v. Holland*, 347 Ark. 235, 61 S.W.3d 180 (2001) (citing Ark. Code Ann. § 14-268-101(5)(Repl. 1998)). Section 14-268-105 specifically provides for the remedy of an injunction. We realize that the circuit court's ruling was not based on section 14-268-105. However, this court will affirm the trial court's judgment if it reached the right result, even though it may have announced the wrong reason. *State Farm Fire and Cas. Co. v. Andrews*, 363 Ark. 67, 210 S.W.3d 896 (2005).

### Eminent Domain

■ Dover argues that its power of eminent domain is superior to the power of a city to regulate land use pursuant to its police powers. This issue was first raised by Dover in its post-trial brief filed March 10, 2004. The circuit court stated:

> Dover's failure to diligently pursue this affirmative defense and/or cause of action in compliance with the Arkansas Rules of Civil Procedure constitutes a waiver of the same and Dover is barred from raising it at this time.

By failing to properly raise and develop the argument on eminent domain, Dover waived it. *See, e.g., Ray & Sons Masonry v. United States Fidelity*, 353 Ark. 201, 114 S.W.3d 189 (2003).