


# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–13–379

| | |
|---|---|
| JANANN JOHNSON<br>APPELLANT | **Opinion Delivered** February 12, 2014 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. CV-2009-7248] |
| WINDSTREAM COMMUNICATIONS, INC.<br>APPELLEE | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| | REVERSED AND REMANDED |

## RITA W. GRUBER, Judge

This is the second time that appellant, Janann Johnson, has appealed an order of summary judgment against her in favor of her former employer, Windstream Communications, Inc. The lawsuit began when appellant sued Windstream for violation of the Americans with Disabilities Act (ADA) and the Arkansas Civil Rights Act (ACRA) after Windstream fired her. In the first appeal, we reversed the award of summary judgment and remanded, directing the circuit court to analyze and explain its decision using the framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), as required by our supreme court's decision in *Brodie v. City of Jonesboro*, 2012 Ark. 5. *Johnson v. Windstream Communications, Inc.*, 2012 Ark. App. 590 (*Johnson I*). After remand, the circuit court entered a new order, again granting Windstream's motion for summary judgment and setting forth in great detail each of its rulings pursuant to the *McDonnell Douglas* framework. On appeal

from the new order, appellant contends that the circuit court erred in (1) applying federal standards to decide summary judgment in a case brought in state court with state-law claims; (2) finding that law of the case mandated summary judgment, and required the court to enter findings to achieve that result regardless of what the facts, inferences, and law demanded; (3) finding that appellant did not have a disability; (4) finding that appellant was not qualified for her job; (5) finding that appellant did not request accommodation, that such a request was not a protected activity, or that appellee met its obligations as to accommodation; and (6) finding that appellant did not provide facts sufficient to create a jury question on the issues of discriminatory and retaliatory intent at either the prima facie or pretext stages of her case.

Because the circuit court erred in interpreting our mandate, we reverse its order granting summary judgment and remand for the court to use the *McDonnell Douglas* framework in determining whether material issues of fact exist and summary judgment is appropriate. Then, only if it determines that summary judgment is appropriate, the court must enter an order setting forth its analysis, as we explained in *Johnson I*. If, however, the court determines that summary judgment is not appropriate, it should proceed accordingly and set the case for trial or make whatever other disposition it determines advisable under the circumstances.

We set forth the basic facts of this case in our previous opinion. *See Johnson I*, 2012 Ark. App. 590, at 2–4. In this second appeal, we turn first to appellant's second argument that the circuit court erred in determining that law of the case mandated summary judgment, leaving it no option to re-evaluate the case to determine whether or not summary judgment

was appropriate. This case was initially before the Honorable Jay Moody, who recused after the first appeal and upon remand of the case to circuit court. The case was transferred to the Honorable Tim Fox. At the hearing before Judge Fox, appellant requested the court to set the case for a jury trial. The court denied the request, stating that the court of appeals had remanded solely for the circuit court to explain the reasons for its decision. The circuit court noted, "If I could set it for a jury trial that might be better time wise, money wise, and cost wise, but I don't believe that I can." In its order, the court explained our mandate: "The court of appeals remanded the case based on *Brodie v. City of Jonesboro*, 2012 Ark. 5, decided on January 12, 2012, and asked for a more detailed explanation of this Court's ruling."

The question before us now is what did our mandate order? Our mandate stated that the case was being "Reversed and Remanded" for the reasons set forth in our opinion. The first paragraph in our opinion states this: "For the reasons expressed below, we reverse the summary judgment awarded to appellee and remand." *Johnson I*, 2012 Ark. App. 590, at 1. We then recognized that the circuit court granted Windstream's motion without explanation, stating merely that the summary-judgment motion was "well-taken," in spite of appellant's objection and request for rulings on each of the issues. We held that our supreme court clarified in *Brodie* that, even on summary judgment, the circuit court must evaluate these types of cases using the *McDonnell Douglas* framework and explain in detail its findings pursuant thereto. We felt bound by *Brodie* to reverse and remand to the circuit court to perform this function. We did not decide in the first appeal whether summary judgment was or was not appropriate because we did not have an adequate order to review.

In his concurring opinion, Judge Vaught emphasized that an analysis using the *McDonnell Douglas* framework "does not abrogate the trial court's duty to deny summary judgment if there are material facts left to be decided." *Johnson I*, 2012 Ark. App. 590, at 8 (Vaught, J., concurring). And he reminded the circuit court in this case to look carefully at the elements of appellant's claim on remand because both parties presented facts that they argued proved the opposite point regarding appellant's alleged disability. Judge Vaught concluded, "If this presents a material fact that is still in issue, then summary judgment is not appropriate and the *McDonnell Douglas* test is never reached." *Id.*

A "mandate" is the official notice of action of the appellate court, directed to the court below, advising it of the action taken by the appellate court and directing it to have the appellate court's judgment duly recognized, obeyed, and executed. *City of Dover v. Barton*, 342 Ark. 521, 525, 29 S.W.3d 698, 700 (2000). Here, our mandate did not say remanded, as the circuit court indicated in its order; it said reversed and remanded. Reverse means "to overthrow, vacate, set aside, make void, annul, repeal, or revoke . . . . To reverse a judgment means to overthrow it by contrary decision, make it void, undo or annul it for error." *Black's Law Dictionary*, 1185–86 (5th ed. 1979). Remand is defined as follows: "To send back. The sending by the appellate court of the cause back to the same court out of which it came, for the purpose of having some further action taken on it there." *Id.* at 1162. Our mandate reversed the order of summary judgment, making it void, *and* remanded to the circuit court with directions to use the *McDonnell Douglas* framework in reviewing Windstream's motion for summary judgment and include its analysis in its summary-judgment order. Implicit in

4

these directions is the possibility that the court might determine after its analysis that the case is not appropriate for summary judgment. "A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *City of Dover*, 342 Ark. at 525, 29 S.W.3d at 700 (quoting *Dolphin v. Wilson*, 335 Ark. 113, 983 S.W.2d 113 (1998)).

Although we regret that the circuit court found our mandate confusing, we must reverse its order granting summary judgment. On remand, we again direct the circuit court to use the *McDonnell Douglas* framework to review appellee's motion for summary judgment to determine whether material issues of fact exist. As in any summary-judgment analysis, the circuit court must determine whether there is a genuine issue of material fact presented. A court may grant summary judgment only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, clearly show that there are no genuine issues of material fact to be litigated and the party is entitled to judgment as a matter of law. *Watkins v. Ark. Elder Outreach of Little Rock, Inc.*, 2012 Ark. App. 301, at 7, __ S.W.3d __, ___. We express no opinion regarding whether summary judgment is or is not appropriate in this case. We reverse this case on the basis of appellant's second point on appeal; accordingly, we do not address her remaining points on appeal.

Reversed and remanded.

WHITEAKER, J., agrees.

VAUGHT, J., concurs.

LARRY D. VAUGHT, Judge, concurring. I concur for the same reasons stated in my



concurring opinion in *Johnson v. Windstream Communications, Inc.*, 2012 Ark. App. 590.

*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter* and *Lucien Gillham*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Troy A. Price* and *William Stuart Jackson*, for appellee.