Kathleen A. CLAYBORN and Meranda F. Clayborn, *A Minor*
*v.* BANKERS STANDARD INSURANCE COMPANY

01-1225                                          75 S.W.3d 174

Supreme Court of Arkansas
Opinion delivered May 9, 2002

[Petition for rehearing denied June 20, 2002*]

---

*   IMBER, J., not participating.

558

*Rush, Rush & Cook*, by: *David L. Rush*, for appellant.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *E. Diane Graham* and *Rebecca D. Hattabaugh*, for appellee.

RAY THORNTON, Justice. Appellant, Kathleen A. Clayborn, as mother and next friend of Meranda F. Clayborn, a minor, appeals the September 14, 2001, order of the Johnson County Circuit Court, granting appellee Bankers Standard Insurance Company's ("Bankers") motion to dismiss and certifying the case for appeal pursuant to Ark. R. Civ. P. 54(b). Appellant's sole point on appeal is that the trial court erred in granting Bankers's motion to dismiss on the grounds that the

direct-action statute, which is codified at Ark. Code Ann. § 23-79-210 (Repl. 1999), was not available to her and that Ark. Code Ann. § 16-120-103 (Supp. 2001) precludes a direct action against Bankers, the liability carrier for Forrester-Davis Development Center, Inc. ("Forrester-Davis"), an Arkansas nonprofit corporation. We affirm.

Linda Whitson was an employee of Forrester-Davis. On July 6, 2000, Ms. Whitson drove a 1997 Dodge 3500 van owned by Forrester-Davis to appellant's residence to pick up two of appellant's children in order to transport them to Forrester-Davis's facility. Appellant brought two of her children out of the house and placed them in the van and secured them. Ms. Whitson then placed the van in reverse in order to back it up. Meanwhile, appellant's third child, Meranda, who was approximately twenty-one months old, had moved to the rear of the van. Meranda was run over by Ms. Whitson, causing serious injuries to the child.

On March 16, 2001, appellant filed a direct-action complaint against Bankers, the insurer of Forrester-Davis, seeking damages for various acts of alleged negligence of Forrester-Davis's employee, Ms. Whitson. On June 1, 2001, appellant filed her first amended complaint, alleging an additional act of negligence of Ms. Whitson and additional theories for the imposition of damages. On June 14, 2001, Bankers filed a motion to dismiss appellant's complaint pursuant to Ark. R. Civ. P. 12(b)(6) for failure to state facts upon which relief may be granted and further urging that Bankers is not a proper party to the suit. On June 28, 2001, appellant filed her second amended complaint, in which she named Forrester-Davis and Ms. Whitson as additional defendants. Bankers, Forrester-Davis, and Ms. Whitson each filed answers to the second amended complaint, and Bankers renewed its motion to dismiss. On September 10, 2001, appellant moved for a voluntary dismissal without prejudice of her claims against Ms. Whitson and Forrester-Davis, pursuant to Ark. R. Civ. P. 41. On September 11, 2001, the trial court issued an order granting appellant's motion for a nonsuit. Thereafter, on September 14, 2001, the trial court issued a final judgment (1) granting Bankers's motion to dismiss on the grounds that a direct cause of action against Bankers is not allowed under Ark. Code Ann. § 23-79-210 because Ark.

Code Ann. § 16-120-103 does not grant immunity from suit in tort to Forrester–Davis or its employees, but provides immunity only to persons serving on the board of directors, and (2) certifying the case for appeal pursuant to Ark. R. Civ. P. 54(b). It is from this order that appellant brings this appeal.

■ We have outlined our standard of review of motions to dismiss under Ark. R. Civ. P. 12(b)(6) on numerous occasions. In reviewing the trial court's decision on a motion to dismiss under Ark. R. Civ. P. 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Martin v. Equitable Life Assurance Soc'y*, 344 Ark. 177, 40 S.W.3d 733 (2001). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.* Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.*; Ark. R. Civ. P. 8(a). We look to the underlying facts supporting an alleged cause of action to determine whether the matter has been sufficiently pled. *Country Corner Food & Drug, Inc. v. First State Bank & Trust Co.*, 332 Ark. 645, 966 S.W.2d 894 (1998).

■ ■ This case also presents us with a matter of statutory interpretation. We outlined our well-settled rules of statutory construction in *Faulkner v. Arkansas Children's Hosp.*, 347 Ark. 941, 69 S.W.3d 393 (2002), where we stated:

> We review issues of statutory interpretation *de novo*, as it is for this court to decide what a statute means. *Fewell v. Pickens*, 346 Ark. 246, 57 S.W.3d 144 (2001); *Hodges v. Huckabee*, 338 Ark. 454, 995 S.W.2d 341 (1999). In this respect, we are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Harris v. City of Little Rock*, 344 Ark. 95, 40 S.W.3d 214 (2001); *Norman v. Norman*, 342 Ark. 493, 30 S.W.3d 83 (2000). The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Raley v. Wagner*, 346 Ark. 234, 57 S.W.3d 683 (2001); *Dunklin v. Ramsay*, 328 Ark. 263, 944 S.W.2d 76 (1997). When the language of a statute is plain and unambiguous, there is no need to

resort to rules of statutory construction. *Stephens v. Arkansas Sch. for the Blind*, 341 Ark. 939, 20 S.W.3d 397 (2000); *Burcham v. City of Van Buren*, 330 Ark. 451, 954 S.W.2d 266 (1997). Where the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. *Stephens, supra* (citing *State v. McLeod*, 318 Ark. 781, 888 S.W.2d 639 (1994)). Finally, the ultimate rule of statutory construction is to give effect to the intent of the General Assembly. *Ford v. Keith*, 338 Ark. 487, 996 S.W.2d 20 (1999); *Kildow v. Baldwin Piano & Organ*, 333 Ark. 335, 969 S.W.2d 190 (1998).

*Faulkner, supra.*

With this standard of review in mind, we now turn to the point on appeal. Appellant argues that the trial court erred in granting appellee's motion to dismiss on the grounds that the direct-action statute, which is codified at Ark. Code Ann. § 23-79-210, was not available to her.

The direct-action statute is codified at Ark. Code Ann. § 23-79-210 and provides in pertinent part:

> *23-79-210. Direct cause of action against liability insurer where insured not subject to tort suit.*
>
> (a)(1) *When liability insurance is carried by any cooperative non-profit corporation, association, or organization,* or by any municipality, agency, or subdivision of a municipality, or of the state, or by any improvement district or school district, or by any other organiza-tion or association of any kind or character and *not subject to suit for tort,* and if any person, firm, or corporation suffers injury or damage to person or property on account of the negligence or wrongful conduct of the organization, association, municipality or subdivision, its servants, agents, or employees acting within the scope of their employment or agency, then the person, firm, or corporation so injured or damaged shall have a direct cause of action against the insurer with which the liability insurance is car-ried to the extent of the amounts provided for in the insurance policy as would ordinarily be paid under the terms of the policy.
>
> (2) The insurer shall be directly liable to the injured person, firm, or corporation for damages to the extent of the coverage in

the liability insurance policy, and the plaintiff may proceed directly against the insurer regardless of the fact that the actual tortfeasor may not be sued under the laws of the state.

Ark. Code Ann. § 23-79-210(a) (emphasis added).

The tort liability immunity statute is codified at Ark. Code Ann. §§ 16-120-101—16-120-401 (Supp. 2001). Ark. Code Ann. § 16-120-101 provides:

> The General Assembly has determined that nonprofit corporations serve important functions in providing services and assistance to persons in the state and that, in order for these nonprofit corporations to function effectively, persons serving on the board of directors should not be subject to vicarious liability for the negligence of corporate employees or other directors. The General Assembly has further determined that potential exposure to vicarious liability has a detrimental effect on the participation of persons as directors of nonprofit corporations and that providing immunity to directors of those corporations for certain types of liability will be in the best interest of the state and that the same immunity should be extended to members of governing bodies of governmental entities.

*Id.*

Ark. Code Ann. § 16-120-103 provides in pertinent part:

> (a) The immunity provided by this chapter shall not extend to acts or omissions of directors of nonprofit corporations or members of boards, commissions, agencies, authorities, or other governing bodies of any governmental entity which constitute ordinary or gross negligence personal to the director or member or to intentional torts committed by a director or member.
>
> * * *
>
> (c) *Nothing in this chapter shall be construed to limit the liability of a nonprofit corporate entity itself for damages resulting from any negligent act or omission of any employee of the nonprofit corporation.*

*Id.* (emphasis added).

Appellant argues that Ark. Code Ann. § 23-79-210 is applicable to the facts of the present case because the following elements set forth in *Rogers v. Tudor Ins. Co.*, 325 Ark. 226, 925

S.W.2d 395 (1996) are satisfied: (1) liability insurance must be carried by a nonprofit corporation; (2) a person must suffer injury or damage on account of negligence or wrongful conduct; and (3) the damage or injury must be on account of the negligence or wrongful conduct of "servants, agents, or employees" of the nonprofit corporation acting within the scope of their agency or employment. *See id.* We disagree.

In *Rogers*, we did not include the element "and not subject to suit in tort" among the elements that must be established for Ark. Code Ann. § 23-79-210 to apply. However, we note that in *Rogers*, we were not faced with the issue of whether a nonprofit corporation is subject to suit for tort, as we are now. We have more recently construed Ark. Code Ann. § 23-79-210 in *Smith v. Rogers Group, Inc.*, 348 Ark. 241, 72 S.W.3d 450 (2002). We concluded in *Smith, supra,* that Ark. Code Ann. § 23-79-210 only provides for direct actions against an insurer in the event that the organization at fault is immune from *suit* in tort. *Id.* We also noted the distinction between immunity from suit and immunity from liability. We stated that the immunity from suit is the entitlement not to stand trial, while immunity from liability is a mere defense to a suit. *Smith, supra* (citing *Robinson v. Beaumont*, 291 Ark. 477, 725 S.W.2d 839 (1987)).

Applying this construction of the statute to the facts of the present case, we conclude that Ark. Code Ann. § 23-79-210 is not applicable to the circumstances of this case because there is nothing in the pleadings to show that Forrester-Davis is a nonprofit corporation that is immune from *suit* in tort. Because no showing is made of such alleged immunity, appellant is precluded from bringing a direct action against Forrester-Davis's insurer, Bankers. It is not controverted that Forrester-Davis is a nonprofit corporation, but no authority has been cited to us, and we know of none, that holds that all nonprofit corporations, by virtue of their status as nonprofit corporations, are immune from *suit* for tort. We are not aware of any case law holding that nonprofit corporations are *ipso facto* immune from suit. To the contrary, our statutes provide that nonprofit corporations generally have the power to sue and be sued. Ark. Code Ann. § 4-33-302

(Repl. 2001) of the Arkansas Nonprofit Corporation Act provides in pertinent part:

> 4-33-302. General powers.
>
> Unless its articles of incorporation provide otherwise, *every corporation* has perpetual duration and succession in its corporate name and *has the same powers as an individual to do all things necessary or convenient to carry out its affairs, including, without limitation, power:*
>
> (1) *to sue and be sued, complain and defend in its corporate names*[.]

*Id.* (emphasis added). In addition, Ark. Code Ann. § 16-120-103 provides that the tort liability immunity statute shall not be construed to limit the liability of the nonprofit corporate entity itself for damages as a result of the torts of its employees. *See* Ark. Code Ann. § 16-120-103. Had the Legislature intended to provide nonprofit corporations immunity from both suit and liability, as it provided to various governmental entities in Ark. Code Ann. § 21-9-301 (Supp. 2001),[1] it could have done so, but it did not. Finally, appellant did not plead facts to suggest that Forrester-Davis is a nonprofit corporation that would be immune from suit.

Appellant also argues that Forrester-Davis is a charitable organization and is therefore not subject to suit for tort, and thus, she should be permitted to bring a direct action against Bankers pursuant to Ark. Code Ann. § 23-79-210. However, we note that no allegations of fact were made in the pleadings that Forrester-Davis is or claimed to be a charitable organization. Our standard of review of this case is of the trial court's grant of Bankers's

---

[1] Ark. Code Ann. § 21-9-301 provides:

It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be *immune from liability and from suit* for damages except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.

*Id.* (emphasis added).

motion to dismiss, and, thus, our review is limited to the facts alleged in the pleadings. Because there was no allegation in the pleadings that Forrester–Davis is a charitable organization, we conclude that the trial court did not err when it determined that Ark. Code Ann. § 23-79-210 is inapplicable to the facts of the present case.

However, we note that appellant's argument that Forrester–Davis is not subject to suit for tort because it is a charitable organization is meritless for another reason. We have never said that charitable organizations are altogether immune from *suit*. While we affirmed the trial court's dismissal of a case on the ground that the charitable organization was immune from *liability* in *George v. Jefferson Hosp. Ass'n, Inc.*, 337 Ark. 206, 987 S.W.2d 710 (1999), no argument was raised in that case that a charitable organization is not subject to *suit* for tort, as was argued in the present case. We have repeatedly stated that the property of a charity cannot be sold under *execution* issued on a judgment rendered for the nonfeasance, misfeasance, or malfeasance of its agents or trustees. *See, e.g., Fordyce & McKee v. Woman's Christian Nat'l Library Ass'n*, 79 Ark. 550, 96 S.W. 155 (1906) (emphasis added). We have also recognized that the charitable–immunity doctrine as promulgated in *Fordyce* and its progeny has become a rule of property. *See Williams v. Jefferson Hosp. Ass'n*, 246 Ark. 1231, 442 S.W.2d 243 (1969) (citing *Helton v. Sisters of Mercy*, 234 Ark. 76, 351 S.W.2d 129 (1961); *Cabbiness v. City of North Little Rock*, 228 Ark. 356, 307 S.W.2d 529 (1957); *Fordyce, supra*). In addition, we stated in *Crossett Health Center v. Croswell*, 221 Ark. 874, 256 S.W.2d 548 (1953), "Judge Rose, [in *Fordyce*], commented on the statutory authority for suit, drawing a distinction between the right to sue and the power to execute in satisfaction of the judgment." *Croswell, supra* (citing *Fordyce, supra*). Our analysis indicates that a charitable organization may have suit brought against it and may have a judgment entered against it, but such judgment may not be executed against the property of the charity. We conclude that even if facts had been pled to allege that Forrester–Davis

is a charitable organization, we would nevertheless affirm the trial court's finding that Ark. Code Ann. § 23-79-210 does not apply because we have never held that charitable organizations are completely immune from suit, but rather, we have only held that they are immune from execution against their property.

Affirmed.

IMBER, J., not participating.