Laura NEAL, Individually and as Administratrix of Arvilla Langston, Deceased, David Langston, and Lelia Branch *v.*
SPARKS REGIONAL MEDICAL CENTER

08-169                                                           289 S.W.3d 8

Supreme Court of Arkansas
Opinion delivered November 6, 2008

[Rehearing denied December 11, 2008.]

---

*Sam Sexton III*, for appellants.

*Warner, Smith & Harris, PLC*, by: *C. Wayne Harris* and *Jason T. Browning*, for appellee.

JIM GUNTER, Justice. Appellants appeal the trial court's denial of their motions to (1) strike appellee's amended answer asserting the defense of charitable immunity and (2) substitute appellee's insurance carrier as the party-defendant. Appellants assert that appellee's failure to timely assert the defense of charitable immunity was prejudicial, therefore the trial court erred in not striking the amended answer. We agree with appellants and reverse.

On July 23, 2003, Arvilla Langston died while under the care of Sparks Regional Medical Center (Sparks), and her children and estate filed suit against Sparks on July 19, 2005, alleging

medical negligence.[1] Sparks filed an answer on September 8, 2005, and an amended answer on January 26, 2007, in which it stated for the first time that, as a not-for-profit Arkansas corporation, it was entitled to charitable immunity. Appellants filed a motion to strike this amended answer as prejudicial, but the motion was denied.

On May 21, 2007, Sparks filed a motion for summary judgment, asserting there was no genuine issue of material fact as to its status as a charitable organization and its qualification for charitable immunity. In their response to the motion, appellants requested that they be allowed to substitute Sparks's insurance carrier, Lexington Insurance Company (Lexington), as the proper party-defendant and to file an amended complaint naming Lexington as the defendant. Appellants also asked that they be granted a 120-day extension to conduct discovery into Sparks's entitlement to charitable immunity, in the event the court denied their motion to substitute Lexington as the party-defendant. The court denied the motion for a discovery extension but held a hearing on the motion for substitution of parties.

At the hearing, held July 13, 2007, appellants conceded that they could not meet proof with proof on the issue of summary judgment but argued that, under the existing case law, their motion to substitute parties should be granted. At the conclusion of the hearing, the court indicated that the motion to substitute would be denied. Prior to a written order to that effect being filed, appellants filed a motion for reconsideration pursuant to Ark. R. Civ. P. 59 and 60, again arguing that their motion for substitution of parties should have been granted and also asserting various constitutional arguments.

On July 25, 2007, the court entered an order granting appellee's motion for summary judgment and denying appellants' motion for substitution of parties. The court found that the substitution was not proper under Ark. R. Civ. P. 25, as appellants were not attempting to substitute a party for a deceased party, nor was it proper under Ark. R. Civ. P. 15 to allow appellants to amend their complaint and name Lexington as the party-defendant, because appellants had not satisfied all the elements necessary for an amended complaint to relate back to the date of the original complaint. Specifically, the court found that appellants

---

[1] Sparks Medical Foundation was also named as a defendant in the complaint but was later dismissed from the action without prejudice.

had not proven that Lexington received knowledge of the action within 120 days of the filing of the original complaint, nor had appellant shown that Lexington knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against Lexington. To support its ruling, the court cited *George v. Jefferson Hospital Ass'n*, 337 Ark. 206, 987 S.W.2d 710 (1999) (holding that liability carrier named in an amended complaint was entitled to summary judgment when initial action brought against hospital only was not the result of mistake of identity as to proper party and thus did not support relation back for limitation purposes). Finally, on August 8, 2007, the court issued an order denying appellants' motion for reconsideration. Appellants then filed a timely notice of appeal to this court.

Before addressing the merits of this case, a brief discussion of the history of charitable immunity may be helpful. Prior to 2002, the law was well settled that charitable organizations were immune from execution on their property and thus were immune from tort liability. *See, e.g., Helton v. Sisters of Mercy of St. Joseph's Hosp.*, 234 Ark. 76, 351 S.W.2d 129 (1961). Our law provided a remedy, however, in that a charitable organization's liability insurance carrier could be sued directly. *See* Ark. Code Ann. § 23-79-210 (Supp. 2007); *George, supra.*

However, in 2002, this court decided the case of *Clayborn v. Bankers Standard Insurance Co.*, 348 Ark. 557, 75 S.W.3d 174 (2002). In *Clayborn*, this court explained in dicta that there was a distinction between immunity from suit and immunity from liability: immunity from suit is the entitlement not to stand trial, while immunity from liability is a mere defense to a suit. *Id.* The *Clayborn* decision concluded that the direct-action statute provides for direct actions against an insurer only in the event that the organization at fault is immune from *suit* in tort. *Id.*

This new distinction was applied by the court of appeals, *see Stracener v. Williams*, 84 Ark. App. 208, 137 S.W.3d 428 (2003), and confirmed by this court's decision in *Scamardo v. Jaggers*, 356 Ark. 236, 149 S.W.3d 311 (2004) (declining to overrule *Clayborn*). However, in 2005, this court decided *Low v. Insurance Co. of North America*, 364 Ark. 427, 220 S.W.3d 670 (2005), which held that the distinction created in *Clayborn* was out of step with precedent and was overruled. The *Low* decision clarified that the "not subject to suit for tort" language in the direct-action statute is synonymous with a charitable organization's immunity from tort liability, so

where a charitable organization is not subject to an action in tort (due to charitable immunity), its liability insurance carrier is subject to a direct action. The recent case of *Sowders v. St. Joseph's Mercy Health Center*, 368 Ark. 466, 247 S.W.3d 514 (2007), further elucidated the state of the law: "Plaintiffs alleging injury by charitable organizations can bring suit against the charities' liability insurer via the direct-action statute, Ark. Code Ann. § 23-79-210. Further, injured plaintiffs may bring suit against employees of charitable organizations." 368 Ark. at 470, 247 S.W.3d at 517. And finally, in *Felton v. Rebsamen Medical Center*, 373 Ark. 472, 284 S.W.3d 486 (2008), this court clarified that charitable immunity is an affirmative defense that must be specifically pled.

It is within the context of this case law that the present case developed. For their first point on appeal, appellants argue that the trial court erred in denying their motion to strike appellee's amended answer asserting charitable immunity as a defense. Rule 15 of the Arkansas Rules of Civil Procedure provides that a party may amend its pleadings at any time without leave of the court, but if, upon motion of an opposing party, the court determines that prejudice would result, the court may strike the amended pleading. Ark. R. Civ. P. 15(a) (2008). We will not reverse a trial court's decision allowing or denying amendments to pleadings absent a manifest abuse of discretion. *Williams v. Brushy Island Pub. Water Auth.*, 368 Ark. 219, 243 S.W.3d 903 (2006).

Appellants contend that, pursuant to *Clayborn, supra,* and *Scamardo, supra,* they filed their original complaint against appellee only, rather than appellee and its liability carrier. Appellants note that their complaint simply alleged that appellee was a corporation that operated a hospital in Fort Smith, Arkansas, and in its original answer, appellee admitted it was "a not-for-profit Arkansas corporation" operating a hospital in Fort Smith but did not mention the affirmative defense of charitable immunity. Appellee did not raise this defense until approximately sixteen months later, after the *Low* and *Sowders* decisions, when it filed its amended answer. In its ruling, the trial court found that the additional language in appellee's amended answer regarding charitable immunity "did not plead additional facts or raise any new defenses" and therefore was not prejudicial to appellants. On appeal, appellants urge that appellee's failure to timely assert the defense was prejudicial because, had the defense been asserted earlier, appellants could have added or substituted Lexington as the party-defendant in a

timely manner and also could have conducted discovery on the issue of appellee's eligibility for charitable immunity.

We hold that the trial court erred in holding that appellee's amended answer did not raise any new defenses. Merely asserting its status as a not-for-profit corporation is not equivalent to specifically raising the affirmative defense of charitable immunity, as not all not-for-profit organizations will be immune under the doctrine. *See George, supra* (enumerating the eight factors to determine whether charitable immunity applies); *see also Ouachita Wilderness Inst. v. Mergen*, 329 Ark. 405, 947 S.W.2d 780 (1997) (holding that public-benefit corporation was not entitled to charitable immunity). And, as previously mentioned, *Felton, supra*, established that charitable immunity must be specifically pled.

We also agree that allowing the amended answer was prejudicial to appellants. At the time appellee filed its original answer, appellants were still within the 120-day period for notifying Lexington of the suit for relation-back purposes under Ark. R. Civ. P. 15(c). But, by the time appellee filed its amended answer, any attempt to add Lexington as a party would have been untimely. This case is distinguishable from *Sowders, supra*, because in that case, the liability pool administered by the Sisters of Mercy did not constitute insurance for purposes of the direct action statute, so there was no liability carrier that the appellant could have added as a defendant and thus no prejudice in applying our holding in *Low* and not allowing the appellant to collect a judgment from the hospital. This case is also distinguishable from *Felton, supra*. In that case, the appellant filed suit against the hospital and the liability carrier, but later nonsuited his claim against the liability carrier. Because the hospital had asserted the defense of charitable immunity in its original answer, there was no prejudice in finding the appellant's second complaint against the liability carrier was time-barred.

Because we find merit in appellants' first argument, we decline to discuss appellants' other points on appeal. The trial court's order denying appellants' motion to strike appellee's amended answer is reversed, and, as the grant of summary judgment was based on appellee's assertion of charitable immunity, the order granting summary judgment to appellee is reversed as well. We remand for further proceedings.

Reversed and remanded.