375 Ark. 413

Wesley and Tina SETH, Appellants,

v.

ST. EDWARD MERCY MEDICAL CENTER, Appellees.

No. 07–1348.

Supreme Court of Arkansas.

Jan. 22, 2009.

McHenry, McHenry & Taylor, by: Donna McHenry, Robert McHenry, and Greg Taylor, Little Rock, for appellants.

Thompson and Llewellyn, P.A., by: William P. Thompson, Fort Smith, for appellee.

ELANA CUNNINGHAM WILLS, Justice.

Wesley and Tina Seth appeal from an order of the Sebastian County Circuit Court granting St. Edward Mercy Medical Center's (St.Edward) motion for summary judgment on the basis of the charitable immunity doctrine. The Seths first argue that the trial court erred because St. Edward waived any claim of charitable immunity from suit or liability and that the principle of estoppel prevents application

of the defense to St. Edward. Second, the Seths argue that the trial court erred in retroactively applying this court's decision in *Low v. Insurance Co. of North America*, 364 Ark. 427, 220 S.W.3d 670 (2005), and by refusing to allow amendment of their complaint to name St. Edward's pooled liability fund owner and/or its commercial liability insurer as proper party defendants.

On February 18, 2004, the Seths filed a medical negligence suit against St. Edward, Arkansas Heart Center, Emergency Medicine Associates, and two doctors. The complaint also named St. Edward's unknown insurer in the event that St. Edward asserted a charitable immunity defense, and stated in paragraph seven of the complaint that St. Edward "may claim immunity from suit or tort liability as a charitable or non-profit entity," and "in such case, John Doe Insurance Company would be the appropriate Defendant under the Arkansas direct action statute." St. Edward filed an answer to the Seth's complaint on March 16, 2004, averring that it was a nonprofit corporation, denying negligence or causation, and asserting certain affirmative defenses. However, St. Edward specifically responded to paragraph seven of the Seths' complaint in its answer by stating, "No response from this defendant is required to paragraph 7 of the Complaint. To the extent any response is required, the allegations in paragraph 7 are denied."[1]

The Seths filed a motion for partial summary judgment on November 28, 2005, asserting that no factual issues remained to preclude determination of St. Edward's negligence. St. Edward filed a response to the answer on December 30, 2005, contending that genuine issues of material fact remained, but once again did not raise the defense of charitable immunity.[2] The trial court denied the Seths' motion.

On January 24, 2007, St. Edward filed an amended answer to the Seths' complaint, asserting for the first time that it was entitled to charitable immunity from liability and suit. On the same date, St. Edward also filed a motion for summary judgment, requesting that the trial court dismiss the complaint against it because it was a charitable entity as a matter of law and, therefore, immune from tort liability. The Seths filed a response to St. Edward's motion for summary judgment, arguing that Arkansas law at the time the action arose and the complaint was filed required St. Edward to be named as a defendant because it was not immune from suit. Further, the Seths contended that St. Edward never asserted the defense of immunity from *suit* in its original answer or the amended answer, thus waiving such defense under Ark. R. Civ. P. 8 and 12 and under the principle of estoppel.[3] The Seths also argued that "[n]ew law," presumably *Low, supra,* should not be applied retroactively to this case. Alternatively, the Seths argued that if St. Edward was dismissed from the complaint, the court

---

1. St. Edward also reserved the right to "file additional pleadings or amendments to its pleadings," and to "assert additional defenses or claims."

2. This court issued the decision in *Low, supra,* on December 15, 2005, that held charitable entities are immune from suit and, therefore, the proper party defendant in a claim against a charitable entity is the entity's liability insurer. A petition for rehearing was filed in *Low* on January 3, 2005, and the court issued its mandate on January 19, 2005.

3. St. Edward claimed both immunity from suit and liability in its amended answer. In its motion for summary judgment and brief in support, St. Edward asserted that it is immune from liability rather than *suit*. However, St. Edward did cite *Low, supra,* in its brief in support and *Low's* holding that a charitable entity is immune from liability *and* suit.

should allow substitution of Sisters of Mercy, a Missouri corporation that managed a pooled liability fund for St. Edward, and/or St. Edward's separate commercial liability insurer as proper party defendants under the direct-action statute. The Seths also argued that they should be allowed to amend their complaint to add the individual employees of St. Edward as defendants under Ark. R. Civ. P. 15. The Seths did not file a separate motion to strike St. Edward's amended answer as provided by Rule 15(a).

The trial court issued an order on May 9, 2007, granting St. Edward's motion for summary judgment "[p]ursuant to the case law as set forth in *George v. Jefferson Hosp. Ass'n, Inc.,* 337 Ark. 206, 987 S.W.2d 710 (1999); *Low v. Insurance Co. of North America, et al.,* 364 Ark. 427, 220 S.W.3d 670 (2005) and *Sowders v. St. Joseph's Mercy Health Center,* 368 Ark. 466, 247 S.W.3d 514 (2007) and the cases and authorities cited in the respective cases." The Seths filed a timely notice of appeal after the trial court granted the Seths' motion to voluntarily dismiss all remaining defendants.

■ This court's standard of review for summary judgment has been often stated as follows:

> Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. Once a moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. After reviewing undisputed facts, summary judgment should be denied if,

under the evidence, reasonable minds might reach different conclusions from those undisputed facts. On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material question of fact unanswered. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties.

*Sykes v. Williams,* 373 Ark. 236, 240, 283 S.W.3d 209, 213 (2008).

■ The Seths first argue that the trial court erred in granting St. Edward's motion for summary judgment on the basis of charitable immunity because St. Edward waived any defense based on its charitable status.[4] Specifically, the Seths' complaint stated that St. Edward "may claim immunity from suit or tort liability as a charitable or non-profit entity," and "in such case, John Doe Insurance Company would be the appropriate Defendant under the Arkansas direct action statute." After asserting that it was a nonprofit corporation, St. Edward responded to this paragraph of the complaint by stating, "No response from this defendant is required to paragraph 7 of the Complaint. To the extent any response is required, the allegations in paragraph 7 are denied." Accordingly, the Seths assert that St. Edward denied that it would claim immunity from either suit or liability as a charitable entity, thus waiving the charitable immunity defense it later raised in the amended answer.

---

4. The Seths, "for the purposes of this appeal," do not challenge St. Edward's status as chari- table entity.

■ Under Ark. R. Civ. P. 8(c), "an affirmative defense must be set forth in the defendant's responsive pleading." *Poff v. Brown,* 374 Ark. 453, 454, 288 S.W.3d 620, 622 (2008). Although Rule 8 lists a number of affirmative defenses, "the list is not exhaustive and includes 'any matter constituting an avoidance or affirmative defense.'" *Id.* The "failure to plead an affirmative defense can result in the waiver and exclusion of the defense from the case." *Felton v. Rebsamen Med. Ctr.,* 373 Ark. 472, 284 S.W.3d 486 (2008). This court has clearly stated that "charitable immunity is an affirmative defense that must be specifically pled." *Neal v. Sparks Reg'l Med. Ctr.,* 375 Ark. 46, 289 S.W.3d 8 (2008) (citing *Felton, supra* ).

St. Edward did not affirmatively plead charitable immunity in its original answer, but contends that it may amend its answer under Ark. R. Civ. P. 12 and 15, because Rule 15 allows a pleading to be amended at any time, and charitable immunity is not a defense that is waived if not asserted in an original responsive pleading under Rule 12(h)(1).[5]

*Neal, supra,* involved a similar situation as that presented in this case. The appellants in *Neal* filed a medical negligence action against Sparks Regional Medical Center (Sparks) in 2005. Under Arkansas precedent at the time the suit was filed against Sparks, a charitable entity was immune from liability but not suit; therefore, the appellants were required to file suit against Sparks, rather than against Sparks and its liability carrier. *See Clayborn v. Bankers Standard Ins. Co.,* 348

Ark. 557, 75 S.W.3d 174 (2002); *see also Scamardo v. Jaggers,* 356 Ark. 236, 149 S.W.3d 311 (2004) (declining to overrule *Clayborn* ). Sparks filed an answer on September 8, 2005, stating that it was a "not-for-profit Arkansas corporation," but did not assert that it was a charitable entity or assert the defense of charitable immunity as to either liability or suit.

In December 2005, this court handed down its decision in *Low, supra,* holding that a qualified charitable entity was immune from *suit* as well as liability, and that the Arkansas direct-action statute, Ark.Code Ann. § 23–79–210, required an action to be filed against the charitable entity's liability carrier. On January 26, 2007, Sparks filed an amended answer stating for the first time that it was entitled to charitable immunity. The appellants responded by filing a motion to strike Sparks's amended answer as prejudicial, but the trial court denied the motion, concluding that the amended answer did not raise any additional defenses, and was not, therefore, prejudicial. Sparks then filed a motion for summary judgment, and the appellants responded by requesting that they be allowed to substitute Sparks's liability carrier as the proper party defendant in an amended complaint. The trial court denied the request under Ark. R. Civ. P. 15(c) because the appellant had not proven that the liability carrier had knowledge of the suit within 120 days after it was filed, nor that it knew or should have known that the appellants would have brought the suit against it but for a mis-

---

5. Ark. R. Civ. P 12(h)(1)(emphasis added) provides in pertinent part:
   (h) Waiver or Preservation of Certain Defenses.
   (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, or pendency of another action between the same parties arising out of the same transaction or occurrence *is waived* (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in the original responsive pleading.

take concerning the identity of the proper party.[6]

On appeal, this court first held that the trial court erred in ruling that Sparks's amended answer did not raise any new defenses, stating that "[m]erely asserting its status as a not-for-profit corporation is not equivalent to specifically raising the affirmative defense of charitable immunity, as not all not-for-profit organizations will be immune under the doctrine" *Neal,* 375 Ark. at 51, 289 S.W.3d at 11. We therefore held that charitable immunity had not been affirmatively pled in the original answer. This court further held that the trial court erred in allowing the amended answer because it resulted in prejudice to the appellants. At the time Sparks filed its original answer, "the appellants were still within the 120–day period for notifying [Sparks's liability carrier] of the suit for relation-back purposes under Ark. R. Civ. P. 15(c)." *Id.* However, when Sparks filed its amended answer asserting charitable immunity for the first time, it was too late to substitute the liability carrier as the proper party.

The primary distinguishing factor between *Neal* and this case is that in *Neal,* the appellants filed a motion to strike Sparks's amended answer because it was prejudicial. Under Ark. R. Civ. P. 15(a) (emphasis added), "[w]ith the exception of defenses mentioned in Ark. R. Civ. P. 12(h)(1), a party may amend his pleadings at any time without leave of the court," unless, "*upon motion of an opposing party,* the court determines prejudice would result." If the court finds that prejudice results, it may strike the amended pleading. Thus, charitable immunity is an affirmative defense that must be specifically asserted in a responsive pleading under Ark. R. Civ. P. 8. Because it is not a defense listed in Rule 12(h)(1), however, it may be raised in an amended answer under Ark. R. Civ. P. 15, unless there is a motion to strike the pleading, and the court finds that prejudice results. Here, when St. Edward filed its amended answer and motion for summary judgment on the same day, asserting charitable immunity for the first time, the Seths only filed a response to the motion for summary judgment. They did not file a motion to strike the amended answer as prejudicial. Accordingly, waiver of the defense of charitable immunity does not result under our Rules of Civil Procedure.

In addition to waiver, the Seths argue in their first point for reversal that St. Edwards was estopped from asserting the charitable immunity defense based on the Seths' reliance on St. Edward's failure to assert charitable immunity in its original answer. However, this argument is not well developed. It consists of one sentence in the Seths' brief and includes no citations to authority or discussion of specific application of the factors of estoppel. This court has repeatedly held that "something more than a mere assertion of

---

**6.** Rule 15(c) provides that:

An amendment of a pleading relates back to the date of the original pleading when:
(1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
(2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision

(1) is satisfied and, within the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

an argument in the pleadings is required to preserve an issue for appellate review," *Shelter Mut. Ins. Co. v. Kennedy*, 347 Ark. 184, 188, 60 S.W.3d 458, 461 (2001), and that we will not consider arguments without convincing argument or citations to authority, *Kelly v. State*, 350 Ark. 238, 85 S.W.3d 893 (2002).

■ For their second point on appeal, the Seths argue that "the trial court erred when it determined it would apply *Low v. Insurance Co. of North America*, 364 Ark. 427, 220 S.W.3d 670 (2005) retroactively." However, this one sentence is the extent of the argument. For the same reasons cited above on the issue of estoppel, we will not consider this argument. The Seths also argue that the trial court erred by refusing to allow them to amend their complaint to name Sisters of Mercy and/or St. Edwards commercial excess liability insurer as proper party defendants.[7] The trial court never ruled on this issue, raised in the Seths' response to the motion for summary judgment, and this court "will not review an issue where the circuit court has not first decided it." *Sowders v. St. Joseph's Mercy Health Ctr.*, 368 Ark. 466, 477, 247 S.W.3d 514, 522 (2007).

Affirmed.

---

7. Ark. R. Civ. P. 15(a) provides that "a party may amend his pleadings at any time without leave of the court," with the exception of the defenses listed in Ark. R. Civ. P. 12(h)(1).