# CITY OF DOVER *v.* CITY OF RUSSELLVILLE

02-308                                      100 S.W.3d 689

Supreme Court of Arkansas
Opinion delivered March 13, 2003

*McCormick Law Firm, P.A.* by: *David H. McCormick*, for appellant.

*Dunham & Faught, P.A*, by: *James Dunham; William F. Smith, III;* and *Alex G. Street,* for appellee.

JIM HANNAH, Justice. The City of Dover ("Dover") appeals a judgment granting a dismissal with prejudice where the trial court found that Dover lacked standing to contest an annexation election. Dover alleges that the trial court erred in finding that it has no rights entitling it to sue. Dover asserts that it is the property owner of land annexed in the election, and therefore it may contest the election. We hold that judicial review of elections in municipal annexation as set out in Ark. Code Ann. § 14-40-304 (Repl. 1998) provides for legal action contesting compliance with the statutory requirements in annexation elections, and that Dover may contest the election. The trial court is reversed.

*Facts*

This case continues a longstanding dispute between Dover and the City of Russellville ("Russellville") over land and sewage treatment. In May of 1997, Dover contracted to purchase fifteen acres of unincorporated land on which to construct a sewage-treatment facility. Construction on the facility commenced in 1997. However, Dover was sued in 1997 by Russellville, among others. *City of Dover v. Barton,* 337 Ark. 186,, 987 S.W.2d 705 (1999) (*Dover I*). Russellville alleged in *Dover I* that Dover failed to comply with Act 1336 of 1996 which required a feasibility

study showing that the proposed sewage-treatment plant could not be constructed within the existing city limits. This court reversed the trial court in *Dover I*, holding that the language in Act 1336 was not effective at the time construction began. Then, in *City of Dover v. A.G. Barton*, 342 Ark. 521, 29 S.W.3d 698 (2000) (*Dover II*), this court considered the appeal from the trial court's decision after remand in *Dover I*. In *Dover II*, this court reversed summary judgment entered by the trial court, finding that Dover was required to comply with Russellville's Land Subdivision and Development Code because the proposed sewage-treatment plant was to be built on property within one mile of Russellville city limits, or on land contiguous to property within one mile of Russellville city limits. The trial court was again reversed in *Dover II*.

The present case arises from an October 19, 2000, Russellville ordinance calling for an annexation election to annex the fifteen acres on which Dover had commenced construction of a sewage-treatment facility, as well as other land, into the city of Russellville. The election was held December 19, 2000, and the voters approved annexation. On December 29, 2000, Dover filed the present action under Ark. Code Ann. § 14-40-304, alleging Russellville failed to comply with the requirements in Ark. Code Ann. §§ 14-40-301—14-40-304 (Repl. 1998 and Supp. 2001). The present case was submitted to this court previously and was remanded for failure to comply with Ark. Sup. Ct. R. 4-2. *City of Dover v. City of Russellville*, 351 Ark. 557, 95 S.W.3d 808 (2003).

## Standard of Review

■■■ Dover appeals the dismissal of its action under Ark. R. Civ. P. 12(b)(6) (2002). When reviewing a dismissal under Rule 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. *Clayborn v. Bankers Standard Ins. Co.*, 348 Ark. 557, 75 S.W.3d 174 (2002). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and the pleadings are to be liberally construed. *Id.* Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. *Id.*; Ark. R. Civ. P. 8(a) (2002). We look to the underlying

facts supporting an alleged cause of action to determine whether the matter has been sufficiently pled. *Id.; Country Corner Food & Drug, Inc. v. First State Bank & Trust Co.*, 332 Ark. 645, 966 S.W.2d 894 (1998).

*Standing*

The trial court found that Dover was not an elector who could challenge the annexation, and also that Dover lacked any due process or other constitutional rights related to the annexation and therefore lacked standing. The trial court also noted an unidentified "related proceeding" where Dover argued Russellville lacked standing to challenge annexation and where the trial court agreed Russellville lacked standing. The trial court then stated that to be consistent, it would also find a lack of standing in the present case.

Russellville acknowledges that Dover owns land affected by the annexation, but argues that Dover is neither a person nor a resident who has standing, and further that Dover, as a municipal corporation with powers limited to those provided by statute, may not challenge the annexation because no statute allows it to do so. We disagree.

Russellville seeks a holding which states that, although Dover owns land included in the annexation, and on that basis would be an interested person entitled to contest the annexation, Dover may not contest the annexation because, as a municipal corporation it is not a natural person and is without power to contest the annexation. Whether a municipal corporation may contest an annexation by an election under Ark. Code Ann. § 14-40-301 is an issue of first impression. Annexation of a portion of another city or incorporated town is expressly forbidden by Ark. Code Ann. § 14-40-301. However, the statutory scheme for municipal annexation of contiguous land under Ark. Code Ann. §§ 14-40-301—14-40-304 does not include any discussion of annexation of land owned by another city. Dover stands in the same position as any other landowner whose land is annexed and who wishes to contest the election that resulted in annexation.

■ Election contests are creatures of statute and have no basis in the common law. *Adams v. Dixie Sch. Dist. No. 7*, 264 Ark. 178, 570 S.W.2d 603 (1978). The right to contest an annexation undertaken by election is set out in Ark. Code Ann. § 14-40-304. *See also Duennenberg v. City of Barling*, 309 Ark. 541, 832 S.W.2d 237 (1992). Section 14-40-304 provides that "if it is alleged that the area proposed to be annexed does not conform to the requirements and standards prescribed in § 14-40-302, a legal action may be filed in the circuit court. . . ." Ark. Code Ann. § 14-40-304.

■ ■ Although it is not explicitly stated in Ark. Code Ann. § 14-40-304, to have standing a party must have an interest at issue in the annexation. In *Reynolds v. Guardianship of Sears*, 327 Ark. 770, 940 S.W.2d 483 (1997), we cited David Newbern, *Arkansas Civil Practice and Procedure* § 5-15, at 61-62 (2d ed. 1993):

> To be a proper plaintiff in an action, one must have an interest which has been adversely affected or rights which have been invaded. Courts will not allow suit by one who is a "stranger to the record" or for the purpose of vindicating an abstract principle of justice.

*Reynolds*, 327 Ark. at 775. The land upon which Dover was building a sewage-treatment facility was annexed by Russellville. Certainly Dover's interest in the land was affected by the annexation. Dover has an interest in land that was affected by the annexation because its fifteen acres were taken by Russellville. *See, e.g., Forrest Constr., Inc. v. Milam*, 345 Ark. 1, 44 S.W.3d 140 (2001). Therefore, Dover has standing as a landowner affected by the annexation.

Russellville, however, argues that Dover, as a municipal corporation, is not empowered to contest the election because no statute specifically provides that municipal corporations are included as those who may bring a legal action under Ark. Code Ann. § 14-40-304. Section 14-40-304 does not specifically mention a municipal corporation. However, a municipal corporation is empowered to sue or be sued. Ark. Code Ann. § 14-54-101 (Repl. 1998). We note that although standing was not discussed in the case, *City of Springdale v. Town of Bethel Heights*, 311 Ark.

497, 845 S.W.2d 1 (1993), involved municipal corporations contesting the validity of annexation under Ark. Code Ann. § 14-40-301—14-40-304.

■ Municipal corporations are creatures of the legislature and only possess those powers bestowed by statute or by the Arkansas Constitution. *Stilley v. Henson*, 342 Ark. 346, 28 S.W.3d 274 (2000). Municipal corporations have no inherent power and can exercise only those powers expressly given by the Legislature or the Arkansas Constitution. However, municipal corporations do have powers necessarily implied by the express powers granted, as well as those powers indispensable to the objects and purposes of the powers granted in the statutes and Arkansas Constitution. *Id.*

■ As already noted, a municipal corporation has the power to sue and be sued. A municipal corporation also has the power to acquire, hold, and possess real property. Ark. Code Ann. § 14-54-101(3) (Repl. 1998). *See also City of Harrison v. Boone County*, 238 Ark. 113, 378 S.W.2d 665 (1964). Further, a municipal corporation may sell property even though sale is not expressly provided for in Ark. Code Ann. § 14-54-101. *See Broach v. City of Hampton*, 283 Ark. 496, 677 S.W.2d 851 (1984). This is an example of a power necessarily implied from the power to hold and possess property. Likewise, a power necessarily implied from the power to hold and possess property is the power to sue and protect property interests, even though the right to sue to protect property is not expressly stated in Ark. Code Ann. § 14-54-101. *See e.g. City of Springdale, supra.* Thus, Dover may sue to protect its property rights.

■ However, Russellville argues that even if Dover has standing, it may not sue under Ark. Code Ann. § 14-40-304 because the language of Ark. Code Ann. § 14-40-304 will not permit suit by a municipal corporation, but rather is limited to suits by natural persons. Russellville asserts that Ark. Code Ann. § 14-40-301—14-40-304 permits participation in the suit by only the annexing municipality, the persons who reside in the annexed area, and the electors. Therefore, Russellville argues Dover may not contest the election. Russellville cites *City of Cave Springs v.*

*City of Rogers*, 343 Ark. 652, 37 S.W.3d 607 (2001), in arguing Dover is not a person, noting that under *Cave Springs*, a municipality was not a person for purposes of asserting deprivation of Fourteenth Amendment rights. However, the opinion in *Cave Springs* is not so narrow as Russellville argues. It is true that in *Cave Springs* we held that Cave Springs was not a person for purposes of asserting Fourteenth Amendment rights, but we also stated that the City of Cave Springs was a person for purposes of declaratory relief actions under Ark. Code Ann. § 16-111-101 (1987). Thus, *Cave Springs* does not stand for the proposition that a municipal corporation may never be considered a person.

In any event, contrary to Russellville's argument, the language of Ark. Code Ann. § 14-40-304 does not limit an election contest to one brought by a person. The statute provides that a legal action may be filed in the circuit court. Aside from the requirement of standing already discussed, there are no additional requirements restricting suit under Ark. Code Ann. § 14-40-304 to one brought by a natural person.

There are no prior cases interpreting who may sue under Ark. Code Ann. § 14-30-304. Thus, we must turn to statutory interpretation. The basic rule of statutory construction is to give effect to the intent of the legislature, and when a statute is clear, it is given its plain meaning. *Bond v. Lavaca Sch. Dist.*, 347 Ark. 300, 64 S.W.3d 249 (2001). The language in Ark. Code Ann. § 14-40-304 is clear; "a legal action may be filed in circuit court." Applying the plain meaning rule it is apparent that any property owner affected by the annexation may sue. Dover is such a property owner; therefore, Dover may sue. The trial court erred in granting the motion to dismiss.

### Issues Raised by Russellville

Russellville argues that it presented the trial court with multiple independent bases for dismissal, and that even if the court finds error in the trial court on the issue of standing, this court should affirm the trial court because the right result was reached even if the trial court erred in its reasoning. Russellville asserts there are at least eight other reasons Dover failed to state a cause of

action. A review of the order of dismissal fails to reveal that the trial court addressed any of the issues. Because we decide the case on standing we need not address the remaining issues.

Reversed and remanded.