The Honorable Jimmy "Red" Milligan State Representative Post Office Box 68 Yellville, AR 72687-0068
Dear Representative Milligan:
You have requested my opinion concerning Act 107 of 2003, 2nd
Extraordinary Session. Your questions are:
 (1) Is the Marion County Transfer Station's solid waste permit system subject to the act?
 (2) If it is subject to the act, is this act constitutional as applied to governmental entities, i.e., can the state require cities and counties to collect a sales tax for the state and remit the same to the state?
 (3) If the above is constitutional, what office in the county is responsible for the collection and remittance of the tax, and what penalties could be imposed on a county for failing to comply with the statute?
RESPONSE
Question 1 — Is the Marion County Transfer Station's solid wastepermit system subject to the act?
I must decline to answer this question. The Department of Finance and Administration, Revenue Division, is the appropriate authority to issue letter opinions concerning the application of state sales tax law to particular entities. See Gross Receipts Tax Regulation GR-75 (authorizing the Revenue Division to issue letter opinions on the applicability of the gross receipts tax to particular transactions) and GR-76 ("No opinion, whether formal or informal, issued by any other agency can be binding on the Department of Finance and Administration, Revenue Division."). I therefore suggest that you submit this question to that agency.
Question 2 — If it is subject to the act, is this act constitutional asapplied to governmental entities, i.e., can the state require cities andcounties to collect a sales tax for the state and remit the same to thestate?
It is my opinion that Act 107 is constitutional as applied to governmental entities; the state can require cities and counties to collect and remit a state sales tax.
I will begin by noting the following well-established principles: Every act of the legislature carries a strong presumption of constitutionality. See, e.g., Eady v. Lansford, 351 Ark. 249,92 S.W.3d 57 (2002). In order for an act to be deemed unconstitutional, there must exist a clear incompatibility between it and the constitution.Id. Any doubt as to constitutionality of an act must be resolved in favor of its constitutionality. The heavy burden of demonstrating the unconstitutionality of an act is upon the party attacking it. Id.
You have not suggested a particular constitutional provision with which Act 107 may conflict, nor have I identified one. The state's imposition upon local governmental entities of a responsibility for collecting and remitting state sales taxes is consistent with the constitutional structure of Arkansas' governmental system. Counties and cities are creatures of the state legislature and are subject to its exercise of power. Ark. Const., Art. 12, §§ 3 and 4; Ark. Const., Am. 55, § 1; A.C.A. § 14-14-501; A.C.A. § 14-43-610; City of Dover v. City of Russellville,352 Ark. 299, 100 S.W.3d 689 (2003).
It follows that the state legislature has the constitutional authority to require local governmental entities to collect and remit state sales taxes.
Question 3 — If the above is constitutional, what office in the county isresponsible for the collection and remittance of the tax, and whatpenalties could be imposed on a county for failing to comply with thestatute?
Act 107 levies an additional sales and use tax and imposes the state gross receipts tax on certain enumerated transactions. The required procedures for the collection and remittance of the state gross receipts tax, and the penalties for failure to comply with these requirements, are set forth in A.C.A. § 26-52-501 et seq. In addition, certain regulations that have been promulgated by the Department of Finance and Administration may be applicable to certain types of taxable transactions. See, e.g., Gross Receipts Tax Regulation GR-5. Regarding penalties, see Gross Receipts Tax Regulation GR-84.
As a general proposition, each entity that is subject to the tax is responsible for remitting the required amount and can incur penalties for failure to comply. See A.C.A. § 26-52-501; GR-84. However, state law does not address the question of which office of county government is responsible for collection and remittance if the entity conducting the taxable transactions is an arm of the county. In my opinion, this is a matter that is left to the discretion of the quorum court.
Any county entity that is concerned about compliance with Act 107 should consult with the county attorney or other counsel to determine the appropriate procedures to be followed.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General