The Honorable Stan Berry State Representative P.O. Box 41 Dover, AR 72837-0041
Dear Representative Berry:
You have requested my opinion concerning fees imposed by a water and sewer commission. Your question is:
 Does the city council have to approve the fees imposed by a water and sewer commission, such as a tap fee, meter deposit, returned check fee, service call fee, etc.?
RESPONSE
This question is not explicitly addressed by state law. However, state law does suggest that a water and sewer commission can establish rates
related to water service without city council approval, but not rates
related to sewer service. I believe that it is reasonable to apply the same standards concerning water and sewer fees. That is, I find that it is reasonable to conclude that a water and sewer commission can establishfees related to water service without city council approval, but notfees related to sewer service. This view is explained more fully below.
The statute that authorizes joint water and sewer commissions, A.C.A. §14-234-116, does not outline in detail the specific powers of such commissions. Instead, it states:
 (a) Any city of the first or second class operating its municipal waterworks through a waterworks commission, by passage of a municipal ordinance, may authorize the waterworks commission to function as a waterworks and sewer commission.
 (b) Waterworks and sewer commissions created pursuant to the authority granted in this section shall retain all powers now granted to waterworks commissions and, in addition, shall have all the powers granted to sewer committees by §§ 14-235-206 and 14-235-207 and all the powers granted to sanitary boards by § 14-235-209.
 (c) It is the express purpose of this section to permit cities of the first and second class to operate their waterworks and sewer systems through a single commission.
A.C.A. § 14-234-116 (emphasis added).
Under Subsection (b), quoted above, a water and sewer commission has all the powers granted to water commissions and all the powers granted to sewer commissions under the referenced statutes. One of my predecessors interpreted this grant of powers to authorize the water and sewer commission to establish water rates without city council approval, but not sewer rates. See Op. Att'y Gen. No. 97-150. This conclusion was based upon the very broad grant of authority to water commissions over water service in A.C.A. § 14-234-306, and upon the contrasting explicit reservation of power in the city council, in A.C.A. § 14-235-223, to control sewer rates. I find that this interpretation of these statutes was reasonable, and that it also suggests a similar conclusion with regard to water and sewer-related fees. That is, I believe that my predecessor's reasoning in Op. No. 97-150 supports the conclusion that a water and sewer commission can establish fees related to water service without the city council's approval, but that it cannot establish fees related to sewer service without the city council's approval.
I acknowledge that this conclusion, as well the conclusion stated in Op. No. 97-150 may appear to be counterintuitive. That is, a legitimate question could be raised as to why water rates and fees should be established by a different procedure than sewer rates and fees. I also acknowledge that a genuine practical problem could arise if a particular fee is combined and relates to both water and sewer service. With regard to these issues, I must note the well-established principle that municipalities are creations of the legislature and, as such, may exercise only the powers that are bestowed upon them by statute or by the Constitution, or that are necessarily implied by their express powers.City of Dover v. City of Russellville, 352 Ark. 299, 100 S.W.3d 689
(2003). The conclusion I have expressed herein is based upon this principle. That is, it is based upon a consideration of the statutes' explicit statements concerning the powers of water and sewer commissions. I emphasize that legislative clarification of this issue would be helpful.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General