The Honorable Doug Matayo State Representative 3110 Magnolia Place Springdale, AR 72762-7416
Dear Representative Matayo:
You have presented the following questions for my official opinion:
 (1) Can a city legally sell a franchise for a particular route through the city to a carriage company if the route includes state highways?
 (2) If the city may legally sell said franchise, are they required by law to offer the route up for bidding to the public or may they sell it at their own discretion?
RESPONSE
Question 1 — Can a city legally sell a franchise for a particular routethrough the city to a carriage company if the route includes statehighways?
It is my opinion that a city does not have the authority to sell a franchise for a particular route through the city, whether the route includes state highways or not.
Although cities, in my opinion, are authorized to grant franchises for carriers, see A.C.A. § 14-43-609(5), they are not authorized to sell such franchises. It is well established that cities are creatures of the legislature and possess only those powers that are bestowed by statute or by the Arkansas Constitution. City of Dover v. City of Russellville,352 Ark. 299, 100 S.W.3d 689 (2003). They have no inherent power. Although cities are statutorily authorized to sell their real and personal property, see A.C.A. § 14-54-302, and although cities are empowered to charge certain entities a franchise fee or a license fee for the use of city streets and property, see A.C.A. § 14-200-101 and A.C.A. §26-77-102, I have located no statutory or constitutional provision that grants cities the authority to sell a franchise for carriers to use certain routes in the city. Moreover, although cities do have powers that are necessarily implied by or indispensable to their expressly granted powers, City of Dover, supra, it is my opinion that the power to sell carrier franchises is not implied by or indispensable to any of the powers that are expressly granted to cities.
Accordingly, I must conclude that a city does not have the authority to sell a franchise for a particular route through the city, whether the route includes state highways or not.
If a city intends to grant, rather than sell, such a franchise, it is my opinion that the route in question may include state highways located within the city limits only with the approval of the State Highway Commission. For a discussion of that issue, see Op. Att'y Gen. No.2003-081.
Question 2 — If the city may legally sell said franchise, are theyrequired by law to offer the route up for bidding to the public or maythey sell it at their own discretion?
Because I have opined in response to Question 1 that cities may not sell carrier franchises, this question is moot.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General