Cite as 2016 Ark. App. 44

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-11-1243

| | |
|---|---|
| | **Opinion Delivered** January 27, 2016 |
| RYAN ROGGASCH and ELITE HOMES OF ARKANSAS, INC. <br> APPELLANTS | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. CV-06-920-3] |
| V. | HONORABLE GRISHAM PHILLIPS, JUDGE |
| TASHA SIMS and JOHN SIMS <br> APPELLEES | AFFIRMED |

## BRANDON J. HARRISON, Judge

Tasha Sims hired Elite Homes, Inc. (Elite Homes) to be the general contractor for a custom "dream" home she intended to build near Benton, Arkansas. Tasha Dailey (now Sims) and Ryan Roggasch (a representative for and president of Elite Homes) signed the written contract. The contract stated that Elite Homes

> will be following the guidelines, rules, and codes provided by the state of Arkansas in the construction of this home and . . . will be . . . overseeing the project till completion. It is our intention to provide the greatest quality of product and craftsmanship during and after construction completion. . . . The total price for providing these services is $20,000[.]

The project was estimated to begin in late November 2005 and be completed by the end of March 2006. Elite Homes promised to work diligently and at the pace requested by the home owner. Tasha paid Elite Homes $10,000 before construction of the new home

SLIP OPINION

began. Elite Homes performed the general contracting services from November 2005 until July 2006. During that time, Roggasch introduced Tasha to John Sims; Tasha and John eventually married. In September 2006, Tasha and John filed a complaint against Elite Homes, alleging that it had breached the terms of the contract and breached certain implied warranties. Attached to the Simses' complaint was an exhibit of "Estimated Construction Cost" from Elite Homes, dated 21 November 2005. The document stated that the estimated cost to build the residence was $231,708. Elite Homes answered the Simses' complaint and counter-claimed for breach of contract, seeking the remaining $10,000 under the contract's terms.

In August 2009, the Simses filed an amended complaint that incorporated their original complaint. The amended complaint added Ryan Roggasch as a defendant, alleging that he had represented to them that he was "covered by an insurance policy which would cover negligent workmanship." They also alleged that the home was built in a negligent manner and that Roggasch and Elite Homes had violated Arkansas's Deceptive Trade Practices Act.

In March 2011, a jury awarded Tasha Sims and John Sims $140,000 in damages following a trial in Saline County Circuit Court. The jury rejected Roggasch's and Elite Homes's breach-of-contract counterclaim. In June 2011, the circuit court entered a $209,244 judgment against Roggasch and Elite Homes; the final judgment amount included prejudgment interest and attorney's fees and costs. Roggasch and Elite Homes appeal that judgment.

On appeal, appellants make six points:

1. The circuit court erred in permitting John Sims to be a party to the lawsuit.

2. The circuit court erred in instructing the jury on a violation of the Deceptive Trade Practice Act.

3. The circuit court erred when it instructed the jury on both negligence and contractual claims.

4. The circuit court erred when it allowed the jury to consider any claims against Ryan Roggasch individually.

5. The circuit court erred when it did not request that the jury allocate damages for each claim for each defendant.

6. The circuit court abused its discretion in awarding attorney's fees and prejudgment interest.

We affirm the judgment of the circuit court.[1]

*Point 1: John Sims*

For their first point on appeal, appellants argue that no legal authority exists to give John Sims standing to sue them. During the course of the litigation, the circuit court repeatedly denied the appellants' request to dismiss Sims as a plaintiff. To be a proper plaintiff in an action, one must have an interest which has been adversely affected or rights which have been invaded. *City of Dover v. City of Russellville*, 352 Ark. 299, 100 S.W.3d 689 (2003). Only a claimant who has a personal stake in the outcome of a controversy has standing. *Pulaski Cnty. v. Ark. Dem. Gazette, Inc.*, 371 Ark. 217, 264 S.W.3d 465 (2007).

---

[1] Roggasch and Elite Homes have not challenged the jury's verdict as excessive or contrary to the law or preponderance of the evidence under Arkansas Rule of Civil Procedure 59. As we discuss in point five, the jury rendered a general verdict on the issue of damages. We cannot accurately determine how the jury divided the damages award it gave among the various legal theories of liability it had before it (negligence, breach of contract, breach of warranties, or deceptive trade practices).

Courts will not allow suit by one who is a "stranger to the record" or for the purpose of vindicating an abstract principle of justice. *City of Dover, supra.*

The appellants are correct that John Sims was not a party to the written contract with Elite Homes and would not have standing on the breach-of-contract claim. Yet we find no error in this case because the jury was instructed that the contract was between Tasha Sims and Elite Homes only. Moreover, appellants mention, but do not develop, their point that John Sims did not have standing to bring a negligence or deceptive-trade-practices claim. We do not research or develop arguments for an appellant on appeal. *Smith v. Heather Manor Care Ctr., Inc.*, 2012 Ark. App. 584, 424 S.W.3d 368. Point one is affirmed.

*Point 2: Deceptive Trade Practice*

Appellants next argue that the circuit court erred in instructing the jury on a violation of the deceptive trade practices act because (1) the Simses' expert witness Mr. Looney testified that workmanship insurance is not available to those in residential construction; (2) the Simses failed to prove that Roggasch's statement about insurance proximately caused their damage; and (3) the deceptive trade practices claim was a ruse for extending the statute of limitations on a fraud claim.

The court instructed the jury on the Trade Practices Act as follows:

> TASHA SIMS and JOHN SIMS claim damages from RYAN ROGGASCH and ELITE HOMES OF ARKANSAS, INC. for using deceptive trade practice and have the burden of proving each of three essential propositions:
> First, that he/she has sustained damages;
> Second, that RYAN ROGGASCH and ELITE HOMES OF ARKANSAS, INC. used a deception, fraud, or false pretense or concealed, suppressed, or omitted a material fact in connection with the sale of goods and/or services; or knowingly took advantage of TASHA SIMS and JOHN SIMS, who were reasonably unable to protect his/her interest; or engaged in

4

an unconscionable, false, or deceptive act or practice in business, commerce, or trade; and

Third, that RYAN ROGGASCH and ELITE HOMES OF ARKANSAS, INC.'s conduct was a proximate cause of TASHA SIMS and JOHN SIMS's damages.

If you find from the evidence in this case that each of these propositions has been proved, then your verdict should be for TASHA SIMS and JOHN SIMS; but if, on the other hand, you find from the evidence that any of these propositions has not been proved, then your verdict should be for RYAN ROGGASCH and ELITE HOMES OF ARKANSAS, INC.

The jury-verdict forms reflect that the jury found against Roggasch and Elite Homes on the Simses' deceptive-trade-practice claim. The appellants did not make a timely objection to this particular instruction at trial, so they may not argue about it now. *See St. Louis Sw. Ry. Co. v. Grider*, 321 Ark. 84, 88, 900 S.W.2d 530, 532 (1995) (outlining procedure for preserving jury-instruction error). Appellants' point two is labeled as a jury-instruction issue, but the substance of point two is that Roggasch and Elite Homes have challenged the sufficiency of the evidence on the deceptive-trade-practices claim at trial during their directed-verdict motions and here on appeal. We therefore address the substance of their sufficiency arguments.

Our standard of review of the denial of a motion for directed verdict is whether the jury's verdict is supported by substantial evidence. *Stewart Title Guar. Co. v. Am. Abstract & Title Co.*, 363 Ark. 530, 215 S.W.3d 596 (2005). Substantial evidence is that which goes beyond suspicion or conjecture and is sufficient to compel a conclusion one way or the other. *Id.* We only review the record for substantial evidence to support the jury's verdict. *Id.* In determining whether there is substantial evidence, we view the evidence and all reasonable inferences arising therefrom in the light most favorable to the party on whose behalf judgment was entered. *Id.*

Tasha Sims testified that Roggasch "looked really young" to her but that he told her he was twenty-six and had built between sixty and seventy homes. Tasha explained that Roggasch said he had three educational degrees, including an engineering degree. She also told the jury that Roggasch "definitely" told her he had "workmanship" insurance. According to Tasha, she told Roggasch that "the most important thing" to her was that he use a waterproofing product called Bituthene so that water could not enter into the basement and that Roggasch had agreed to use it. The total estimate Roggasch presented to build the approximately 3,000 square-foot house was $180,000, according to Tasha.

Tasha later found out that Roggasch had misrepresented some facts. He was only twenty-one years old, had no college education, and, according to Roggasch's trial testimony, had only "possibly built twenty or thirty residential homes." On cross-examination, Roggasch indicated that he did mainly cabinetry and other finishing processes on the houses he had built. Tasha also testified that Roggasch and Elite Homes used a product called "drylok" instead of the Bituthene that Tasha had insisted they use. According to Tasha, Roggasch "absolutely refused to put it on." When Tasha tried to file an insurance claim for shoddy workmanship against Elite Homes, she was told that Elite Homes had no such policy.

There was also substantial and cumulative expert and lay testimony about the serious structural problems that emerged while Roggasch was in charge of the home building. For example, Ben Reeves, Tasha Sims's loan officer, testified that there was an exterior wall on the house that "you could actually push and it would move" and that the deck located twenty to thirty feet off the ground was secured only by a 4 x 4 post that was not anchored

SLIP OPINION

to the main structure. James Higgins, a contractor Tasha hired to help fix some of the problems, said that there was a load-bearing wall without a foundation under it, that the roof leaked because it was not installed properly, and that the basement flooded with up to three to four inches of standing water at a time. Gary Looney, a local contractor, testified that it was "not possible" to build the home for the $180,000 Roggasch had estimated and that it would cost $140,000 to bring the house "close to code." He also said that "workmanship" insurance policies were not available to residential contractors.

Substantial evidence existed for the jury to conclude that Roggasch, acting for Elite Homes, omitted or concealed material facts in connection with the home services. He made certain representations about his age, education, experience, and insurance coverage that were false. There was sufficient evidence for the jury to reasonably conclude that the appellants' failure to speak truthfully caused the Simses damage. They had to hire an experienced contractor to repair major problems, costing $140,000, or so the jury could have concluded. Looking at the evidence in the light most favorable to the Simses, as our standard of review requires, substantial evidence supports the jury's conclusion that Roggasch and Elite Homes violated the act. To the extent that Roggasch and Elite Homes argue that the Simses' deceptive-trade-practice claim was a ploy to extend the statute of limitations on a fraud claim, they never received a ruling from the circuit court on the issue; and they may not raise it for the first time on appeal. *See Hodges v. Huckabee*, 338 Ark. 454, 465, 995 S.W.2d 341, 349 (1999) ("This court will not review a matter on which the trial court did not rule, and a party seeking to raise the point on appeal concerning a ruling has

SLIP OPINION

the burden to obtain a ruling. Matters left unresolved simply may not be raised on appeal.").
We affirm on point two.

*Point 3: Negligence and Contractual Claims*

Appellants contend that the circuit court erred when it instructed the jury on negligence and contractual claims. "An underlying principle of compensatory damages is that the plaintiff, although entitled to a fair, adequate and complete recovery, should not obtain a double recovery." Howard W. Brill, 1 *Arkansas Law of Damages* § 4:8 (5th ed. 2004). Apart from a bare statement that the court erred in instructing the jury on the negligence and breach-of-contract claims, the appellants make no convincing or cohesive arguments for reversal. They conflate the measure of damages recoverable for breach of contract, negligence, and breach of implied warranties and do not provide any citations to authority on this point. Appellants also raise a statute-of-limitations argument with regard to negligence, but there is no evidence that this issue was ever raised to or ruled on by the circuit court. Roggasch and Elite Homes bear the burden, when arguing on appeal, to demonstrate error, and they have not done so. *Bratton v. Gunn*, 300 Ark. 140, 777 S.W.2d 219 (1989); *see also Seth v. St. Edward Mercy Med. Ctr.*, 375 Ark. 413, 420, 291 S.W.3d 179, 185 (2009) (appellant must present convincing arguments and citations to authority). Appellants' point three is affirmed.

*Point 4: Ryan Roggasch Individually*

Roggasch argues that he should not be personally liable because he acted in his capacity as president of Elite Homes when he built the home, and the court erred when it allowed the jury to pierce the corporate veil. We do not decide whether the corporate veil

was pierced in this case on the Simses' tort and contract claims. We instead affirm because there is a separate and unchallenged basis upon which the jury could hold Roggasch individually liable in this case: Ryan Roggasch could be held individually liable by the jury for the Simses' damages because he violated the deceptive trade practices act.

Arkansas Code Annotated section 4-88-113(d)(1) (Repl. 2011), which was pled in the Simses' amended complaint, states:

> Every person who directly or indirectly controls another person who is in violation of or liable under this chapter and every partner, officer, or director of another person who is in violation of or liable under this chapter shall be jointly and severally liable for any penalties assessed and any monetary judgments awarded in any proceeding for civil enforcement of the provisions of this chapter, provided that the persons to be held jointly and severally liable knew or reasonably should have known of the existence of the facts by reason of which the violation or liability exists.

Because we have found substantial evidence supports the jury's finding on the deceptive-trade-practices claim, we see no error in Roggasch being held individually accountable under section (d)(1), as an officer of the corporation Elite Homes. Point four is affirmed.

*Point 5: Damages*

Roggasch and Elite Homes maintain that the circuit court erred in not requesting that the jury allocate damages for each claim against each defendant. At trial, separate special-verdict forms were submitted to the jury on Tasha's claim for breach of contract against Elite Homes, the Simses' claims for breach of implied warranties and for negligence against Roggasch and Elite Homes, the Simses' claim for Arkansas Deceptive Trade Practices against Roggasch, and the Simses' claim for Arkansas Deceptive Trade Practices against Elite Homes. In short, the jury assessed the defendants/appellants' liability for each claim separately. The same, however, cannot be said about how the jury allocated the damages

award. Here, there was only one general verdict on damages. It stated: "We, the jury, assess the Plaintiffs' damages at $140,000[.]"

The appellants objected during a conference with the circuit court, arguing that the instruction

> lumps all the damages in together for all different causes of actions. . . . [I]t's not clear as to what . . . is for negligence, what [ ] is for implied warranty or what amounts are being awarded for any contract dispute . . . [T]here should be one for each type of damage that's awardable . . . I don't know that you can tell from the verdict forms and from the instructions what exactly . . . [the jury] [is] awarding it for.

After some further discussion and argument, the circuit court told appellants' counsel, "Your objection is noted and I'm [going to] give these instructions that the Plaintiff has submitted." The jury was instructed that if the Simses were damaged by appellants due to "negligence, breach of contract, and/or breach of warranties," then the Simses were entitled to past and future expenses for necessary repairs. Roggasch and Elite Homes did not proffer any jury instructions containing a separate allocation of damages on each separate claim.

We hold that the appellants' argument that the court should have instructed the jury to determine damages for each claim and defendant separately is not preserved. Arkansas Rule of Civil Procedure 51 states that "no party may assign as error the failure to instruct on any issue unless such party has submitted a proposed instruction on that issue." The appellants never proffered special interrogatories or special-verdict forms for the jury to award separate damages for each successful claim. Therefore, their argument that the court failed to correctly instruct the jury regarding separate damages for each defendant is waived. *See Ludwig v. Bella Casa, LLC*, 2010 Ark. 435, 372 S.W.3d 792. Because we must take the jury's "lump sum" damage award as we find it, we cannot determine the amount of money

that may have been awarded on each separate legal claim. In other words, the damages award in this case is a finding upon the whole case. *See Tyson Foods, Inc. v. Davis*, 347 Ark. 566, 579, 66 S.W.3d 568, 576 (2002) ("When special interrogatories concerning liability or damages are not requested, we are left in the position of not knowing the basis for the jury's verdict, and we will not question nor theorize about the jury's findings."). We affirm point five.

*Point 6: Prejudgment Interest and Attorney's Fees*

As their final point, Roggasch and Elite Homes contend that the circuit court abused its discretion in assessing prejudgment interest and attorney's fees. The Simses filed a petition for attorney's fees, costs, and prejudgment interest in April 2011 after the jury trial; attached to the petition was an affidavit by the Simses' attorney. The record shows that the appellants never responded to the Simses' petition for attorney's fees and prejudgment interest. The court did not enter a judgment awarding prejudgment interest and attorneys' fees until June 2011. Because Roggasch and Elite Homes failed to respond to the Simses' petition for attorney's fees and prejudgment interest, they never raised before the circuit court the arguments they now make on appeal. Arguments not raised at the circuit court level are not considered on appeal. *Bd. of Dirs. of City of Hot Springs v. Pritchett*, 2015 Ark. 17, 454 S.W.3d 223. We therefore affirm on point six.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Dyer and Jones*, by: *Dustin D. Dyer*, for appellants.

*David C. Hawkey*, for appellees.