Cite as 2020 Ark. App. 5

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-19-157

|  |  |
|---|---|
| BEDROCK VENTURES, INC.<br>APPELLANT<br><br>V.<br><br>TRUMAN PRESS, INC., D/B/A HANNOVER HOUSE D/B/A HANNOVER; HANNOVER HOUSE RELEASING, LLC, D/B/A HANNOVER HOUSE; HANNOVER HOUSE, INC., D/B/A HANNOVER HOUSE; AND REGAL CINEMAS, INC.<br>APPELLEES | Opinion Delivered: January 15, 2020<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-13-1236]<br><br>HONORABLE DOUG SCHRANTZ, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Bedrock Ventures, Inc. (Bedrock), appeals the Benton County Circuit Court order reducing the judgment amount against Regal Cinemas, Inc. (Regal). On appeal, Bedrock argues that the circuit court (1) had no authority under Arkansas Rule of Civil Procedure 60 to amend the default judgment more than ninety days after its entry and (2) erred by modifying the damages award when the liability against Regal remained fixed. We affirm.

On May 7, 2018, the Benton County Circuit Court issued a writ of garnishment against Regal and a set of interrogatories. The writ stated that a foreign judgment had been filed in the circuit court against Truman Press, Inc., d/b/a Hannover House d/b/a Hannover; Hannover House Releasing, LLC, d/b/a Hannover House; and Hannover

House, Inc., d/b/a Hannover House (collectively "Truman Press") in favor of Bedrock for the total sum of $513,098.17. The writ stated that Regal was indebted to Truman Press or had possession of goods, chattels, moneys, credits, or effects belonging to Truman Press. The writ directed Regal to file a written answer within thirty days. Regal was served with the writ on May 9.

On June 18, Bedrock filed a motion for default judgment against Regal alleging that Regal had failed to respond to the writ. On July 23, the circuit court entered a default judgment against Regal in the amount of $513,098.17.

On August 7, Regal filed a motion to stay and set aside the default judgment pursuant to Arkansas Rule of Civil Procedure 55(c) asserting that the judgment was void because it had been entered without notice and a hearing as required by Arkansas Code Annotated section 16-110-407 (Repl. 2016).[1] Regal further stated that it owed only $10,008.62 to Truman Press, and it attached its answers to the interrogatories.

---

[1] Arkansas Code Annotated section 16-110-407 provides as follows:

(a) If any garnishee, after having been duly served with a writ of garnishment, shall neglect or refuse to answer the interrogatories exhibited to him or her, on or before thirty (30) days after service of the writ, the court, upon motion of the plaintiff, may issue a notice to the garnishee, requiring him or her to appear personally at a hearing not later than ten (10) days after receipt of said notice or at such other later date as the court may fix and answer the allegations and interrogatories of the plaintiff. Service of the notice may be made either by the clerk, or by the plaintiff, by any method prescribed by the Arkansas Rules of Civil Procedure for service of notice.

(b) The court, after hearing and reviewing the evidence and testimony of both parties, may then render judgment against the garnishee in such amount, if any,

2

The court held a hearing on October 24. At the conclusion of the hearing, the following discussion occurred between the court and Bedrock's counsel:

THE COURT: I'm denying your [Regal's] motion to set aside. But I am prepared to amend the judgment to reflect the amount owed until it can be established that perhaps the answer was incorrect. Now, we can do this by—I can set another hearing, give [Regal's counsel] an opportunity to file an appropriate pleading to modify the judgment, and go forward. We need to be mindful of the 90 days. I'm not sure where we are in relation to that.

BEDROCK'S COUNSEL: I thought I stipulated when you asked me the question—

THE COURT: You did.

. . . .

BEDROCK'S COUNSEL: I obviously don't want to want to draw this out any more than necessary.

THE COURT: If we can—

BEDROCK'S COUNSEL: And even if something else came in, I think I, when you asked me the question and I stipulated, I thought that was

THE COURT: —[t]hat binds your client.

BEDROCK'S COUNSEL: —I put that in the box. So be that as it may, I think that would be my position. Even if it's to my detriment, that's what I did.

---

as the court finds the garnishee held at the time of service of the writ of garnishment, of any goods, chattels, wages, credits and effects belonging to the defendant, not otherwise exempt under state or federal law; together with attorney's fees and such other reasonable expenses incurred by the plaintiff, as the court may deem appropriate under the facts and circumstances.

| | |
|---|---|
| THE COURT: | All right. Then, based on that, let's amend the judgment to reflect the amount owed and costs, and I will award an attorney's fee. |

On November 5, the court entered an order denying Regal's motion to stay and set aside the default judgment, but it modified the judgment amount from $513,098.17 to $10,008.62. Bedrock timely appealed the order to this court.

On appeal, Bedrock first argues that the circuit court did not have jurisdiction to modify the default-judgment amount pursuant to Arkansas Rule of Civil Procedure 60 because more than ninety days had elapsed since its entry. Rule 60(a) provides that "[t]o correct errors or mistakes or prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party with prior notice to all parties, within ninety days of its having been filed with the clerk." However, pursuant to the 1990 amendment, Rule 60 is no longer applicable to default judgments; therefore, the time limitations imposed by Rule 60 are no longer applicable to default judgments. *See* Ark. R. Civ. P. 60 addition to reporter's notes, 1990 amend.; *Epting v. Precision Paint & Glass, Inc.*, 353 Ark. 84, 93, 110 S.W.3d 747, 752 (2003). Accordingly, we find no reversible error on this point.

Bedrock next argues that the circuit court erred by modifying the damages award when liability against Regal remained fixed. Bedrock cites *Byrd v. Dark*, 322 Ark. 640, 911 S.W.2d 572 (1995), and asserts that *Byrd* holds that a circuit court cannot modify a default-judgment amount when the judgment on liability stands. However, Bedrock did not make this argument to the circuit court. At the hearing, the court announced that the judgment

4

would be amended to reflect the amount Regal actually owed, but Bedrock made no objection and did not argue that the court had no authority to reduce the judgment amount. Arguments not raised at the circuit court level are not considered on appeal. *Roggasch v. Sims*, 2016 Ark. App. 44, 481 S.W.3d 440.

Affirmed.

SWITZER and WHITEAKER, JJ., agree.

*Hirsch Law Firm, P.A.*, by: *E. Kent Hirsch*, for appellant.

*Littler Mendelson, P.C.*, by: *Eva C. Madison*, for separate appellee Regal Cinemas, Inc.